JOHNSON v. JOHNSON.

(Filed April 10, 1906).

*Marriage —Annulment —Setting Aside Judgment —Procedure—Parties—Same Counsel Representing Both Parties.*

1. A proceeding to set aside a judgment will be dismissed where the same counsel jointly make the motion representing both parties to the action.

2. If either party to an action to annul a marriage contract desires to move to set aside the judgment rendered, it must be done in an adversary proceeding after due notice served upon the other party, and notice to counsel of record in the original action is not sufficient.

ACTION by Adella V. Johnson against W. Mangum Johnson, heard by *Judge G. S. Ferguson,* at the November Term, 1905, of the Superior Court of CHATHAM.

This was a motion by the plaintiff and the defendant, jointly, to set aside a judgment rendered in this cause at the May Term, 1905. The motion was denied and the plaintiff and defendant appealed.

*N. Y. Gulley* and *R. H. Dixon* for the appellants.
*H. A. London, R. H. Hayes* and *W. B. Siler, contra.*

BROWN, J.   This action was brought to annul a marriage contract entered into between the plaintiff and the defendant

on December 2, 1903, upon the ground that the plaintiff was at the time totally incapable to enter into such contract, and also to set aside a deed which the plaintiff had executed to the defendant. Both parties were represented by counsel, and the following issues were submitted to the jury:

1. Was the plaintiff, at the time of her alleged marriage with the defendant, totally incapable to make or to enter into such contract for a proper, legal and binding marriage from want of will or understanding? Ans. Yes.

2. Was the plaintiff, at the time of the execution of her deed to the defendant, incapable of executing a valid deed for want of reason and understanding? Ans. Yes.

3. What amount is the defendant entitled to recover by reason of his improvements upon the premises? Ans. $75.

The notice of the motion to set aside the judgment rendered was served on all the counsel who appeared respectively for the plaintiff and defendant at the trial. It is signed by N. Y. Gulley and R. H. Dixon, "attorneys for Adella V. Johnson and W. Mangum Johnson." The grounds of the motion are that the complaint is not properly verified so as to give the Superior Court jurisdiction as in an action for divorce, and that the cause was tried at the term to which the summons was returnable.

Reasons based upon principles of sound public policy compel us to dismiss this proceeding to set aside the judgment. We are of opinion that the same counsel cannot represent both parties to the action. In so holding, we mean no reflection whatever upon the reputable and eminent counsel, who have undertaken together to represent both parties in making the motion. They have argued strenuously before us that there are no conflicting interests, and that therefore they can properly represent both parties. We are compelled to differ from them.

In *Moore v. Gidney,* 75 N. C., 34, the court says: "The law does not tolerate that the same counsel may appear upon

JOHNSON *v.* JOHNSON.

both sides of an adversary proceeding even colorably, and in general will not permit a judgment so affected to stand, if made the subject of exception in due time by the parties injured thereby." To the same purport are the cases of *Gooch v. Peebles,* 105 N. C., 411, and *Mollineux v. Huey,* 81 N. C., 113.

To permit both parties to be represented jointly by the same counsel upon this motion would be simply laying the foundation for future complaint, upon the part of the plaintiff or defendant, in case either should be dissatisfied with the action of the court if the judgment should be set aside. If the plaintiff was so feeble-minded that she could not contract a valid marriage, how do we know that she is capable now to take legal action to set aside the judgment? The judgment rendered cannot be set aside by consent. If either party desires to move to set it aside, it must be done in an adversary proceeding after due notice served upon the other party. Notice to counsel of record in the original action is not sufficient. Upon the hearing of such motion, the respective parties must appear by their individual counsel. The counsel in the original action are not proper or necessary parties to a proceeding to set the judgment aside.

Proceeding Dismissed.

CONNOR, J., concurring: While I do not dissent from the disposition made of this appeal, I am of the opinion that we should indicate, for the guidance of the parties, our opinion upon the questions raised upon the record and fully argued upon the hearing. The proceeding is anomalous; due regard for orderly procedure requires us to dismiss the motion to the end that the parties may proceed as they may be advised. This court held in *Lea v. Lea,* 104 N. C., 603, in a well considered opinion by *Mr. Justice Shepherd,* that an action to have a marriage declared void, because of a pre-existing disqualification to enter into the marriage relation, so far as

the procedure is concerned, is an action for divorce, as shown by the authorities cited in the opinion. At common law no divorce *a vinculo* could be granted except for causes existing previous to the marriage which rendered the marriage unlawful *ab initio*. While it is true that our statute does not in terms include an action to annul a marriage on account of pre-existing obstacles with action for divorce *a vinculo*, I am of the opinion that in regard to the practice prescribed, the same procedure should be observed. Certainly the same policy upon which the jurisdictional affidavit is required in one should control the other. It will be observed that the parties, notwithstanding the admissions in the answer, submitted issues thus treating the allegations as denied—as in an action for divorce. If, as appears from the record, a serious doubt exists as to whether this action was prosecuted in accordance with the requirements of the statute, the parties are left in a deplorable condition. It would seem that if jurisdictional facts are not apparent upon the record, the proceeding would be void so far as it affected the matrimonial relations of the parties, and the court, upon motion of either party, would so decree. This court has uniformly held that the facts required to be set forth in the affidavit prescribed by section 1563 of the Revisal are necessary to give the court jurisdiction. *Hopkins v. Hopkins,* 132 N. C., 22. It would seem that the same conclusions would follow when it is sought to have a marriage declared void for the causes set out in section 1560 of the Revisal. I concur in the opinion that an adversary proceeding should be instituted and prosecuted by one of the parties to the end that the other may be properly represented and the court may proceed in an orderly way.

WALKER, J., concurs in the concurring opinion.