S. Annette Dennison *vs.* Albert Swerdlove.

Suffolk.    November 13, 1924. — January 9, 1925.

Present: Rugg, C.J., Braley, Pierce, Carroll, & Wait, JJ.

*Agency*, Existence of relation.    *Evidence*, Admission, Of agency, Competency.

At the trial of an action for personal injuries and damage to an automobile resulting from the collision of an automobile of the defendant, driven by a third person, with that of the plaintiff, there was evidence tending to show that, in a conversation between the plaintiff and the defendant at the place of the accident shortly after its occurrence, the defendant asked the plaintiff how it happened, and the plaintiff replied: "Your man was driving so fast that he couldn't stop the car"; that the defendant did not remonstrate that the driver was not "his man," and said to the plaintiff: "You are all right, I will adjust the damage to your car, but will probably have to pay for mine"; that "he would like to have me give me [him?] a post-dated check for the amount to enable him to borrow the money to pay the damages on his car so that he could get it to use it, — to show my good faith, provided he adjusted the damages on my car"; and "he advised me to have my repair man make my bill larger, to cover the damages to both cars." *Held*, that
    (1) The evidence of the conversation was not objectionable as being evidence of an offer of compromise but was evidence of an admission by the defendant that he was at fault;
    (2) The evidence warranted a finding that the driver was acting as the defendant's employee at the time of the collision.

Tort for personal injuries and damage to the plaintiff's automobile received in a collision with an automobile of the

defendant which was driven by one Max Craft. Writ dated October 15, 1921.

In the Superior Court, the action was tried before *O'Connell*, J. Material evidence is described in the opinion. At the close of the evidence, by order of the trial judge, a verdict was entered for the defendant. The plaintiff alleged exceptions.

*R. J. Lane*, for the plaintiff.

*T. D. Smith*, for the defendant.

CARROLL, J. An automobile owned by the defendant, and driven by one Craft, collided with the plaintiff's automobile. There was evidence that the plaintiff was exercising proper care and Craft was negligent. A verdict was directed for the defendant on the ground that there was no evidence that the defendant " was responsible for the acts or defaults of said Craft."

The defendant testified that Craft asked if he could take the automobile to go home and leave his luggage, " he would drive the car back." Craft testified that he was returning to the defendant's house when the collision happened. The plaintiff testified that in the course of conversation with the defendant at the place of the accident, shortly after the occurrence, he asked her, " how it happened," and she replied, " Your man was driving so fast that he couldn't stop the car." She also testified that the defendant " did not in any way remonstrate that Mr. Craft was not his man "; that the defendant said to her, " You are all right, I will adjust the damage to your car, but will probably have to pay for mine "; that "he would like to have me give me [him?] a post-dated check for the amount to enable him to borrow the money to pay the damages on his car so that he could get it to use it, — to show my good faith, provided he adjusted the damages on my car "; and " he advised me to have my repair man make my bill larger, to cover the damages to both cars."

The defendant denied that he offered to settle the plaintiff's damage. He testified he said to her that he would not settle her damages, because he did not think that Craft was at fault.

The defendant's promise to adjust the damages to the plaintiff's automobile was not an offer of compromise but

an admission that he was at fault, and if the jury believed he gave this promise, they could infer from this that Craft was in fact acting as his agent when the collision took place. *Ellis* v. *Pierce*, 172 Mass. 220. *Eldridge* v. *Barton*, 232 Mass. 183, 186. *Mielke* v. *Dobrydnio*, 244 Mass. 89, 92.

The evidence of the conversation concerning the method of settlement of the damages to both automobiles, and the defendant's request that the plaintiff's claim should cover the entire damages to both the plaintiff's and the defendant's property, as well as the defendant's silence and his failure to dissent when Craft was spoken of as " your man," was some evidence for the jury that the driver of the machine was acting as his agent when the accident happened. See *Foster* v. *Rockwell*, 104 Mass. 167, 172; *Metcalf* v. *Williams*, 144 Mass. 452, 454, 455; *Hopwood* v. *Pokrass*, 219 Mass. 263. The case should have been submitted to the jury.

*Exceptions sustained.*