R. A. NORMAN v. W. R. PORTER.

(Filed 15 May, 1929.)

**1. Master and Servant D b—Father employing son not liable for independent act of son outside of scope of son's employment.**

Evidence tending to show that the plaintiff was injured by an explosion of a cartridge which the defendant's young son threw in the stove in defendant's store on Saturday when the son was helping his father therein, is insufficient to hold his father liable in damages, and defendant's motion as of nonsuit is properly granted. C. S., 567.

2. **Negligence D b—Acts in aid of person injured are not evidence of admission of negligence and liability therefor.**

Where the evidence is sufficient to sustain an action for a negligent personal injury, the defendant's acts of mercy in taking the plaintiff to a hospital after the injury and paying the bill cannot be imputed as an admission of liability for damages.

APPEAL from *Finley, J.,* at March Term, 1928, of CLEVELAND. Affirmed.

Defendant kept a store and his young son, Bobby, about 14 years of age, who went to school, but on Saturdays was helping his father in his store, threw a cartridge in the stove and it exploded and the shell struck plaintiff in the eye putting it out.

At the close of the plaintiff's evidence, the defendant moved for judgment as in case of nonsuit, C. S., 567. The court below granted defendant's motion. Plaintiff excepted, assigned error and appealed to the Supreme Court.

*B. T. Falls for plaintiff.*
*Ryburn & Hoey for defendant.*

PER CURIAM. We cannot hold, under the facts and circumstances of the case, that the mischievous act of the defendant's young son was in the scope of his employment and hold the defendant, his father, liable. It was a deplorable affair, but it was a boyish prank that so often brings disaster—but we cannot hold the father responsible.

The fact that defendant procured a doctor, took plaintiff to a hospital and paid the bill is in no sense an implied admission or circumstance tending to admit liability. It was an act of mercy, a humanitarian act to repair as far as possible his boy's mischievous conduct. *Barber v. R. R.,* 193 N. C., at p. 696. The judgment of the court below is.

Affirmed.