FLORA PATRICK, by Her Next Friend, J. WESTON MICHAL, v. A. M. BRYAN and HASSON, ANDERSON AND TROBAUGH COMPANY.

(Filed 8 January, 1932.)

1. Negligence D b—The giving of first aid to injured person is not evidence of admission of negligence.

One driving an automobile upon the highway who hits and injures a pedestrian thereon does not impliedly admit his liability by stopping and rendering aid in procuring a physician for the injured person and arranging for his immediate necessary attention at a hospital, and doing such other acts as are dictated by humanity under the circumstances.

2. Judgments K c—Held: court should have found further facts before setting aside judgment based on compromise with minor plaintiff's father.

Where the father of a minor child injured in an automobile accident reaches a compromise agreement with the attorney of the insurance company carrying indemnity insurance on the car causing the accident, and to effectuate the compromise agreement, the attorney for the insurance company has a next friend appointed for the minor and brings a friendly action, reducing the compromise agreement to judgment, and thereafter the father and mother of the minor have another next friend appointed and seek to have the judgment set aside as being contrary to the course and practice of the courts and for fraud: Held, before ordering the judgment set aside the trial court should find whether the driver of the car was negligent, which was denied by the defendant, whether the plaintiff was guilty of contributory negligence, and should find whether the compromise judgment was just and fair and whether the rights of the minor were prejudiced, and where the court has failed to find these necessary facts the case will be remanded.

3. Parent and Child A c—Father of minor child is its natural guardian.

The father of a minor child is its natural guardian, and his rights of control over the child is superior to that of the mother.

4. Judgments K g—Order setting aside judgment should provide for accounting of moneys paid out under the judgment.

Where the defendants have paid a judgment rendered against them in an action involving the question of their actionable negligence in injuring another, and later this judgment is set aside for fraud or as being contrary to the course and practice of the courts, the order vacating the judgment should provide for an accounting of the moneys paid by the defendant under the judgment so vacated.

5. Appeal and Error J c—Findings of fact by trial court are conclusive only when supported by any competent legal evidence.

The findings of fact by the trial court are conclusive on appeal when supported by any competent evidence, but where the record does not contain evidence in support of a finding it will not be sustained on appeal.

Adams and Connor, J.J., concur on the ground that the rights of the plaintiff under her motion are not finally determined by the court's opinion.

APPEAL by defendants from *Stack, J.,* at September Term, 1931, of BUNCOMBE. Error and remanded.

Application for the appointment of next friend to Flora Patrick was regularly made before the clerk of the Superior Court of Buncombe County, 11 March, 1930. On the same day an order was made appointing J. Weston Michal "after making due inquiry as to the fitness" and "it is found by the court to be a fact that the said J. Weston Michal is a reputable and disinterested citizen and a fit and suitable person to act as next friend to the said minor in said action," etc.

The summons in the action was instituted the same day. Complaint was filed alleging actionable negligence by plaintiff against defendant A. M. Bryan and his employers, the other defendants in this action. It is alleged in the complaint "That due to said reckless, negligent and wrongful conduct of the defendant, A. M. Bryan, and of the defendant, Hasson, Anderson and Trobaugh Company, by and through its agent and employee, A. M. Bryan, the plaintiff, Flora Patrick, was forced to incur numerous and large debts, to wit, as follows: Mission Hospital, $299.66; Dr. Arthur Reeves, $250.00; Dr. W. A. Sams, $95.00; extras at Mission Hospital, anæsthetic, $20.00, dentist, $5.00, special nurse, $24.75; taxi bill due to J. R. Henderson, $30.00. That the plaintiff's father, John Patrick, has been put to great expense in taking care of his injured daughter, Flora Patrick, plaintiff in this action, and has incurred numerous expenses on account of the injuries of his said daughter, all for her benefit and welfare in the sum of $255.00. That the defendant, A. M. Bryan, at the time of said injury, advanced to John Patrick, father of the plaintiff, $20.00 to cover immediate expenses incurred by him, and that the said A. M. Bryan advanced to Dr. W. A. Sams $25.00, to be applied by him on his bill for services rendered, and that the said A. M. Bryan further advanced the sum of $25.00 to Dr. Sams, to be paid as entrance fee to the Mission Hospital, and that said last mentioned sum of $25.00 entrance fee was paid by the said Dr. W. A. Sams to the said Mission Hospital and credited by it upon its bill for expenses incurred for the care and treatment of this plaintiff." Prayer for $2,000 damages. This complaint was filed by R. Hilliard Greenwood, attorney for plaintiff, and the allegations fully protect the rights of Flora Patrick.

The defendants denied any negligence and set up the plea of contributory negligence and alleged "In response to the allegations of the complaint, these defendants say that it is admitted that the highway at the point referred to was straight and that the day was clear, but that all the other allegations contained in said paragraph are untrue and therefore denied, and the defendants specifically deny that the de-

fendant, A. M. Bryan, was driving at a reckless, negligent and unlawful rate of speed, but on the contrary state that he was driving at a careful, prudent and safe rate of speed, and that he saw the plaintiff, Flora Patrick, standing on the right-hand side of the road, and drew his car over to the left-hand side of the road, so that he might not even drive near her, but as he approached she suddenly, without warning, darted out in front of him, and though he drove his car clear out of the road, on the left-hand side, to avoid striking her, he could not do so, and that he was in no wise to blame for said accident." This answer was signed by Bourne, Parker & Jones, attorneys for defendants.

The record discloses that the following issues were submitted to the jury at March Term, 1930, of the Superior Court of Buncombe County:

"1. Did the defendant, A. M. Bryan, negligently injure the plaintiff, Flora Patrick, as alleged in the complaint? Answer: Yes.

2. In what amount, if any, are the defendants indebted to the plainiff? Answer: $1,049.41."

The following judgment was rendered: "This cause coming on to be heard, and being heard, before his Honor, Michael Schenck, judge presiding over the courts of the 19th Judicial District, and a jury, and the issues hereinafter set out having been submitted to the jury, and having been answered by the jury as follows: (see issues above). And his Honor finding from the pleadings and the evidence that the plaintiff has incurred certain expenses for care and medical treatment, and that the plaintiff is desirous of having said sums paid, and that same should be paid, it is now therefore, ordered, adjudged and decreed, that the plaintiff have and recover of the defendants, and of each of them, the sum of $1,049.41, and the costs of this action incurred, and it is further ordered, adjudged and decreed, and the clerk of the court is hereby directed to pay out of said sum the following amounts to the persons hereinafter indicated: to the Mission Hospital $349.41; to Dr. Arthur Reeves $250.00; to Dr. W. A. Sams $95.00; to J. R. Henderson $30.00; to John Patrick $255.00. And it appearing to the court from the pleadings and the evidence, that at the time of said injury defendant A. M. Bryan advanced the sum of $70.00 cash for the care and treatment of the plaintiff, it is now, therefore, further ordered and adjudged that the clerk pay to the said A. M. Bryan out of the amount of the judgment, hereinbefore set out, the sum of $70.00. This 12 March, 1930.

MICHAEL SCHENCK, *Judge Presiding.*"

W. T. Davis ("signed in the presence of James E. Rector") made application to the clerk of the Superior Court of Madison County, knowing that a next friend for Flora Patrick had been appointed in

Buncombe County, setting forth certain facts: "That the father and mother of the said infant, Flora Patrick, who is about 8 years of age, have requested the undersigned to apply for appointment as next friend of the said infant to prosecute her claim for damages as aforesaid, . . . Wherefore, the undersigned makes application that he be appointed as next friend of the said infant, Flora Patrick, to the end that he may institute and conduct an action for damages in her behalf on account of the personal injuries she has sustained as above set forth. This 10 September, 1930."

The clerk of the Superior Court of Madison County, after finding that he is a reputable and disinterested citizen and is a fit and suitable person, appointed W. T. Davis, next friend to Flora Patrick. The acceptance of the appointment was on 10 September, 1930, and was witnessed by James E. Rector, who as attorney made the certificate upon which the order was granted to sue in *forma pauperis,* that Flora Patrick "has a good and meritorious cause of action in fact and law."

On 4 August, 1931, nearly a year and a half after the judgment was rendered by Schenck, J., a motion was made in this cause in Buncombe County Superior Court. "The plaintiff, through her counsel, James E. Rector, Esq., enters a special appearance, and moves the court for an order striking out and vacating a judgment, or pretended judgment, entered in a cause entitled as above," etc. That the judgment is irregular and void: "The said alleged judgment was procured by the defendants by their own improper use of court process and procedure and the means employed and used by the defendants, in obtaining said judgment, were contrary to the course and practice of our courts and amounts to a fraud upon the court and the infant plaintiff." Alleging in detail the facts on which the motion is made and that the whole proceeding was *ex parte;* that the pleadings and conduct of the case was directed by the defendants' attorneys and the proceeding was not adversary. The motion was verified on 4 August, 1931, by W. T. Davis. Motion was made by Bourne, Parker & Jones, attorneys for defendants, "especially appearing for the purpose, and only for the purpose of moving to dismiss the pretended motion herein filed. . . . (1) For that the purported proceeding or motion is in fact an attempt to attack a judgment of the Superior Court of Buncombe County regularly entered and regular upon its face, upon a pretended allegation of fraud practiced against the infant plaintiff, Flora Patrick. These movants respectfully show to the court that it is necessary to the procedure and rules of practice in the State of North Carolina to attack a judgment for fraud in such manner, and therefore movants having entered their

3—202

appearance for such purpose, move the court that said motion be dismissed. (2) For the reason that the infant plaintiff, Flora Patrick, in this motion is not represented by any person appointed for that purpose."

An answer to the motion of James E. Rector, attorney, and sworn to by Davis; Bourne, Parker & Jones, attorneys, denied all the material allegations of fact set forth in the motion and concluded the answer as follows: "By further answer to the motion and the allegations of fraud contained therein, these respondents say and aver that the settlement of the said case was conducted and had in the utmost good faith, and without any thought whatever to overreach, or take advantage of the plaintiff or any party connected with said action; that the settlement was made at the earnest solicitation of the father of the injured child, the facts surrounding said injury, as counsel verily believes, not being sufficient to justify the admission of any negligence on the part of defendants, and in fact it appearing that the accident by which the child was injured was unavoidable, or the result of an accident for which the plaintiff could not recover in law; that the said settlement was made upon the very terms demanded and requested by the father of the said injured child, and with the full belief, upon the part of the defendants, that they were acting to the very best interest of said injured child, and in presenting the matter to the court every effort to save expense to the child and her father was employed, in order that the benefits of the funds paid by the defendants might inure to said injured child. That the father of said injured child has never, to the knowledge of these respondents made any complaint whatever on account of said settlement, but, in the opinion of these respondents, this action is brought through the intermeddling of certain parties, moved by the hope of profit to themselves." This answer was sworn to on 20 August, 1931, by John DuBose, who swears: "That he is a practicing attorney and at the time of the institution of the action and entering of judgment in the above entitled cause was connected, by employment, with the law firm of Bourne, Parker & Jones, and made the investigations, knows the facts in connection therewith, has read the foregoing answer and knows the contents thereof," etc., to be true.

The court below found the facts and set aside the judgment rendered by Schenck, J. The defendants made numerous exceptions and assignments of error, the material ones and necessary additional facts will be considered in the opinion.

*James E. Rector for plaintiff.*
*A. Y. Arledge for defendants.*

PATRICK v. BRYAN.

CLARKSON, J. The record in this action discloses that Flora Patrick, on 19 December, 1929, was a child about eight years of age, living with her parents, John and Lillie Patrick. She was injured by having her leg broken, in front of her home in Madison County, about five o'clock in the afternoon, on the State Highway which leads from Waynesville to Hot Springs, by an automobile driven by A. M. Bryan, a traveling salesman for Hasson, Anderson and Trobaugh Company, a wholesale firm of Morristown, Tenn., all being defendants to this action. A. M. Bryan contended that the little girl was "standing on the right-hand side of the road and he drew his car over to the left-hand side of the road, so that he might not even drive near her, but as he approached she suddenly, without warning, darted out in front of him, and though he drove his car clear out of the road, on the left-hand side, to avoid striking her, he could not do so, and that he was in no wise to blame for said accident."

Immediately after the injury to the child, A. M. Bryan went to where the father of Flora Patrick (John Patrick) was working, some 8 miles away, and in the language of John Patrick notified him "of what had happened." And "the said A. M. Bryan carried this affiant (John Patrick) in his automobile to his home and then the said Bryan called Dr. Sams of Marshall, who called to see Flora Patrick at about 9 o'clock on the same night; that on the following day the said Flora Patrick was removed under the direction of Dr. Sams, to Mission Hospital, at Asheville, the said A. M. Bryan having made necessary arrangements to that end." It seems that the defendant A. M. Bryan did everything after the injury to the child that could be expected of a humane being. In fact, fully carried out the letter and spirit of the "hit and run" statute. Code, 1931 (Michie), sec 2621(71); 2621(103); Pub. Laws 1927, chap. 148, sec. 29(a); sec. 61. *S. v. Durham,* 201 N. C., 724.

In the affidavit of John Patrick, sworn to on August 10, 1931, long after the judgment in this action was rendered at March Term, 1930, and tried before Schenck, J., John Patrick alleges that Bryan "notified this affiant of what had happened." Bryan said it was not his fault and the implication is that he so told the father, John Patrick. The conduct of Bryan was highly commendable.

In *Barber v. R. R.,* 193 N. C., at p. 696, the law is thus stated: "The defendant, not knowing whether it was liable or not, had the humanity to take plaintiff, who was struck by its engine, to a hospital in Danville and employed Dr. Miller to attend him. It was an act of mercy which no court should hold in any respect was an implied admission or circumstance tending to admit liability. If a court should so hold, it would tend to stop, instead of encourage, one injuring another from giving

aid to the sufferer. It would be a brutal holding, contrary to all sense of justice and humanity." *Norman v. Porter,* 197 N. C., 222.

In *Brown v. Wood,* 201 N. C., at p. 312, the matter is further stated: "Such acts in themselves, the law deems to be a part of neighborliness and an incident of that commendable impulse of benevolence, dramatically portrayed in the parable of the Good Samaritan. It has never been suggested that the fact that the Good Samaritan placed an injured and unfortunate man upon his own beast, pouring wine and oil into his wounds, paying his maintenance charges at the inn, and promising even to give more, if necessary, upon his return, was an implied admission that the agents of the Good Samaritan, in the course of their employment, actually inflicted the injury upon the wounded man found on the Jericho Highway." In the *Brown case, supra,* there was some evidence to indicate an admission of liability and the matter was on that aspect left to the jury.

The defendants had casualty insurance, and under the terms of the policy gave notice to the Insurance Company of the injury to Flora Patrick. The firm of Bourne, Parker & Jones were attorneys for the Casualty Company. An attorney in the office of Bourne, Parker & Jones, took up the matter of compromise settlement with John Patrick, the father of Flora Patrick, and after negotiation between them wrote the following letter embracing the terms which were accepted by John Patrick:

"6 March, 1930.

Mr. John Patrick, Hot Springs, N. C.

Dear Mr. Patrick:

Yesterday I received the following wire from the Insurance Company: 'Authorize ten hundred fifty Patrick case for immediate settlement. Wire result negotiations.' I tried to call you last night and again this morning over long distance, but the operator told me that you lived 15 miles in the country and that she could not get word to you. I later got in communication with Dr. Sams over long distance and he told me that you had authorized him to accept that amount in settlement. I have therefore wired the Insurance Company that you have accepted their offer. As I explained to Dr. Sams, it will be necessary to have a friendly lawsuit in order to settle this claim because your daughter, Flora Patrick, is under 21 years of age. This expense will be borne by the Insurance Company and we will prepare all the papers and take care of the details. It will be necessary to appoint a next friend to bring suit and a guardian to receive the settlement and at that time the court will direct the payment of all just bills. As I know you are anxious to get

this money as soon as possible, I suggest that we bring the action in Buncombe County, as we have a court in session now and there is no court at present in Madison County. As this case will not be contested, we can try it in a very few minutes before a jury, and if you will come to our office tomorrow or next day, we will try to dispose of this matter. I have advised Dr. Sams that I am writing you about this and suggested that he might care to come with you, but it will not be necessary for him to do so. We can get the judgment in a few days and then be prepared to give you the money as soon as we receive the check from the Insurance Company.          Yours truly,          John DuBose."

"I accept the above offer and confirm Dr. Sams' action 3-8-30.
Witness: C. A. P. Moore.                    (Signed.)    John Patrick."

C. A. P. Moore, who witnessed the acceptance, testified that he "Was asked to witness the signature of one John Patrick; that said affiant saw the said John Patrick sign his name to the acceptance of the offer contained in a carbon copy of a letter addressed to John Patrick, Hot Springs, N. C., dated 6 March, 1930; that said letter and his acceptance thereof was read to the said John Patrick before he signed same; that the copy of said letter and acceptance hereto attached is a true copy of the paper-writing signed by the said John Patrick. That affiant has no interest in this matter whatever except to tell the truth."

In *Armstrong v. Polakavetz,* 191 N. C., at p. 735, the following observation is made: "The law encourages and looks with favor on litigants adjusting differences—compromises like the present one have been held binding from time whence 'the memory of man runneth not to the contrary.' It is constantly done between litigants to their credit and good judgment. The finest exhibition of a generous settlement was made when there was a strife between the herdsmen of Abram's cattle and Lot's cattle. The patriarch Abram said: 'For we be brethren' Gen., chap. 13, part verse 8." *Tise v. Hicks,* 191 N. C., 609. *Eggleston v. Crump,* 143 S. E. (Va.), at p. 689.

The court below (part of findings of fact 9) finds: "That the defendants claim that a compromise settlement had been made by the defendants with the father of Flora Patrick and the suit was simply carrying out the compromise, but the father emphatically denies this, so does the mother." The defendants excepted and assigned error to the above finding of fact.

The mother of Flora Patrick states in her affidavit that she did not authorize any suit to be brought. She does not deny that a compromise settlement had been agreed upon. The father, John Patrick, is the

guardian by nature of the child. He nowhere denies that the compromise settlement had been agreed upon. In fact, he could read and write and deliberately stated "I accept the above offer and confirm Dr. Sams' action." In Peck, Domestic Relations, 3d ed. (1930), chap. 18, p. 371, sec. 30, it is said: "The father has at common law an unquestioned right of custody and control over his minor children as against the mother, and still more clearly as against any third person."

In matters of this kind, the findings of fact by the court below are not subject to review on appeal if they are supported by any competent evidence. All the findings of the court below are not supported by the record. This exception and assignment of error on the part of the defendants, goes to the very heart of the controversy, and we think well taken.

Another material matter is entirely left out of the findings of fact by the court below. Bryan alleges that he was guilty of no negligence, and on the entire record it is not denied, and it is set up by Bryan as a defense, that Flora Patrick was guilty of contributory negligence, and this is not denied. This matter should have been fully investigated by the court below and findings of fact on this aspect.

In *Hoggard v. R. R.,* 194 N. C., at p. 259-260, it is stated: "In the present case the boy was 9 years of age. The question of contributory negligence is one for the jury. While a child of tender years is not held to the same degree of care as one of mature years in avoiding an injury arising from the negligent act of another, it is ordinarily a question of fact for the jury to determine, in an action to recover damages therefor, whether under the circumstances, and considering his age and capacity, he should have avoided the injury complained of by the exercise of ordinary care. *Fry v. Utilities Co.,* 183 N. C., 281." *Brown v. R. R.,* 195 N. C., at p. 701.

The court below in its judgment says: "That facts necessary for a fair, just and legal determination of the rights of the infant, Flora Patrick, were withheld to such extent as to amount to an imposition upon the court, whose judgment entered under such conditions and circumstances ought, therefore, to be set aside and vacated and the whole proceedings should be vacated and annulled as being contrary to the course and practice of the court. It is now, therefore, considered, ordered and adjudged and decreed by the court that the judgment signed by his Honor, Michael Schenck, on 12 March, 1930, in a cause entitled 'Flora Patrick, by her next friend, J. Weston Michal, *v.* A. M. Bryan and Hasson, Anderson and Trobaugh Company,' and appearing of record in the office of the clerk of the Superior Court of Buncombe County

in judgment docket No. 70, at page 107, be and the same is hereby set aside and vacated and declared to be of no validity, force or effect, and the entire proceeding leading up to said judgment is hereby declared invalid and absolutely void."

Practically all of the $1,049.91, except $255.00 paid to John Patrick, the father and natural guardian of the child, was hospital and doctors' bills. In setting aside the judgment the court below made no provision for an accounting for these payments if W. T. Davis, the new next of friend of Flora Patrick appointed in Madison County, should recover in a new action for these same necessary hospital and doctors' bills. *Bunch v. Lumber Co.,* 174 N. C., 8.

In *Cole v. Wagner,* 197 N. C., at p. 698-9, we find: "It is well settled in this jurisdiction that in an action for injuries, if the plaintiff 'be entitled to recover at all, he is entitled to recover as damages one compensation—in a lump sum—for all injuries, past and prospective, in consequence of the defendant's wrongful and negligent acts. These are understood to embrace indemnity for actual nursing and medical expenses and loss of time, or loss from inability to perform ordinary labor, or capacity, to earn money,' etc. *Ledford v. Lumber Co.,* 183 N. C., at p. 616; *Shipp v. Stage Lines,* 192 N. C., 475. The money recovered by defendant guardian in the damage suit, which it is alleged was a material and substantial consideration of the judgment, was for necessary expenses of the defendant. To allow the defendant infant to recover upon this theory and then deny the plaintiff in the present action the right to recover on the same theory of necessary expenses, would be blowing hot and cold in the same breath." The above was an action by the trustees of a hospital against a minor and his guardian, it is alleged that the hospital gave the infant medical attention, necessary to save his life and usefulness after his injury in an accident, and that the guardian of the infant had recovered judgment for the negligent injury, and that hospital and medical attention was a substantial part of the consideration of the judgment recovered by the guardian of the infant.

The principle is well settled in this State and we adhere to what is said in *Moore v. Gidney, Admr.,* 75 N. C., at p. 40-1: "But it is denied that the counsel of the plaintiff acted as the defendant's counsel, farther than in drawing up her answer; *and we are satisfied that no improper influence was intended.* Yet the law does not tolerate that the same counsel may appear on both sides of an adversary proceeding, even colorably; and in general, will not permit a judgment or decree so affected to stand, if made the subject of exception *in due time by the*

*parties injured thereby.* The presumption, in such cases, is that the party was unduly influenced by that relation, and the opposite party cannot take the benefit of it. It does not appear affirmatively in this case that Mrs. Moore the defendant, was not influenced to her prejudice and thrown off her guard thereby. The purity and fairness of all judicial proceedings should so appear when drawn in question." (Italics ours.) *Johnson v. Johnson,* 141 N. C., 91; *Rector v. Logging Co.,* 179 N. C., 59; *Keller v. Furniture Co.,* 199 N. C., 413. Court proceedings, like Cæsar's wife, "ought to be free from suspicion."

In the present case, we have the rights of a minor involved. Her natural guardian, her father, John Patrick, agreed to a compromise settlement and the money was disbursed under this agreement through a court action, that it is contended was not regularly conducted according to the practice and procedure in such cases and therefore invalid. The father, her own blood, agreed to this compromise settlement and $1,049.91 was paid out under this judgment. The new next of friend appointed in Madison County for the minor, is now in effect attempting to repudiate the compromise settlement that the minor's father agreed to. Before finally passing on this matter, and other serious legal questions involved in this controversy, this real fact should be found: Was the compromise settlement made by the father of the minor, for the minor; and the insurance company for the defendants, a just and righteous one? Has the minor suffered no substantial injustice?

In *Syme v. Trice,* 96 N. C., at p. 246, citing numerous authorities, the following observation is made: "While the Court will always be careful of the rights of infants, it will not, in all cases, set aside irregular judgments against them as of course; it will not do so where it appears from the record, or otherwise, that the infant suffered no substantial injustice, especially it will not when the rights of third parties without notice have supervened." *Harris v. Brown,* 123 N. C., 419; *Flowers v. King,* 145 N. C., 234; *Land Co. v. Wooten,* 177 N. C., 248; *Montague v. Lumpkin,* 178 N. C., 270; *Battle v. Mercer,* 187 N. C., 437.

The matter is remanded to the Superior Court so that this and other necessary facts may be ascertained. Why set aside a compromise settlement made by the father of the minor, if it is just and righteous and not prejudicial to the interest of the minor. On the present record we cannot determine how this is. It may be said, though perhaps it is unnecessary, that we see nothing improper or unethical done in this matter by Bourne, Parker & Jones, attorneys for defendants. The matter of adjustment was left to a young attorney in their office, who conducted the negotiations that led to the compromise settlement and appeared in the

case for defendants before Schenck, J. We cannot sustain the finding of the court below as the record does not justify it, viz.: "That facts necessary for a fair, just and legal determination of the rights of the infant, Flora Patrick, were withheld to such extent as to amount to an imposition upon the court." If the judgment before Schenck, J., was irregular and contrary to the course and practice of the court, it was merely an error of judgment on the part of the attorney.

Error and remanded.

ADAMS and CONNOR, J.J., concur on the ground that the rights of the plaintiff under her motion are not finally determined by the Court's opinion.