## ARNOLD v. OWENS.

### No. 3852.

Circuit Court of Appeals, Fourth Circuit.
June 3, 1935.

John H. Hall, of Elizabeth City, N. C. (M. B. Simpson, of Elizabeth City, N. C., on the brief), for appellant.

P. W. McMullan, of Elizabeth City, N. C. (McMullan & McMullan, of Elizabeth City, N. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

Nellie Arnold, plaintiff in the District Court, whilst walking along the public roadway near Shawboro, N. C., between 6 and 7 p. m. on January 19, 1932, was struck and severely injured by an automobile truck which came upon her from the rear. She sued W. W. Owens, the owner of the truck, and, upon the conclusion of the testimony at the trial, the District Judge directed a verdict for the defendant, and, from the judgment based thereon, this appeal was taken. To sustain the judgment, the defendant contends that the court properly directed a verdict because (1) the evidence was not sufficient to identify defendant's truck and semitrailer as the vehicle which struck the plaintiff; (2) the evidence was insufficient to establish negligence on defendant's part; and (3) the evidence affirmatively establishes that plaintiff's injury was the result either of an accident or else was proximately caused or contributed to by her own negligence.

The plaintiff was visiting her father-in-law, when injured at his residence about one mile south of Shawboro, and the accident occurred at a point between 250 and 300 yards south of his home. At the time of her injury, the plaintiff was accompanied by her father-in-law, his wife, his daughter, his two minor sons, and a small child of the plaintiff, in the grandfather's arms. The party had been walking northerly on the left side of the road, but a short time before the accident they crossed to the right side because the walking was better. They were also approaching a lane or roadway, into which they intended to turn to the right.

The defendant's vehicle, weighing between six and seven thousand pounds, consisted of a Chevrolet truck, and semitrailer equipped with one axle and four wheels, and was laden with five tons of flour in white bags, sugar in burlap bags, and machinery. It was driven by the defendant, who was accompanied by a friend. As the truck involved in the accident drew near, the members of the Arnold family heard it and all stepped aside to the right, except the plaintiff, who was in the lead. She was, however, not walking on the paved portion of the highway but at a distance therefrom of a foot or more to the right on the shoulder of the road. The road was quite straight at this point, and the hard surface was 16 feet in width. The speed of the truck was variously estimated at from 35 to 40 miles an hour. It was a clear moonlight night, and there was nothing to prevent the driver of the truck from seeing the plaintiff. It may fairly be inferred from the plaintiff's proof that he did see her.

The defendant's truck and trailer were 87 inches in width, and about 34 feet in length. The defendant testified that the plaintiff could not have been struck by it while walking upon the shoulder of the road unless the wheels of either the truck or the trailer ran off the concrete pavement. He said that he passed the scene of the accident about 6:30 p. m. on the night in question, but he saw no one on the shoulder of the road on the right-hand side, that he was not conscious that he struck any one, and that neither the truck nor trailer left the pavement. He was stopped about 7 p. m. as he was about to enter Elizabeth City, some ten miles distant, by the state highway police, who acted in response to a telephone message sent ahead.

The contention that there was no substantial evidence to identify the defendant's truck as the one which hit the plaintiff rests chiefly on certain evidence of plaintiff's witnesses to the effect that the trailer was provided with slats at the rear end, of which some were painted red, and some were unpainted, whereas a number of witnesses for the defendant testified that all of the slats were painted red. In addition, there were witnesses for the defendant who said that no pedestrian was at the place where the accident occurred when the defendant's truck passed. On the other hand, the plaintiff's father-in-law said that the truck which struck the plaintiff was loaded with something white; that the next morning the defendant came to his house in the same truck and said that he passed the scene of the accident about the time that the accident occurred, but did not think that he hit the plaintiff. The father-in-law in so many words testified that the defendant's truck was the truck which struck his daughter-in-law. Moreover, witnesses who were present at the filling station, 250 yards from the place of the accident, saw the defendant's truck pass a

short time before the two boys, who were in the Arnold party, arrived and requested that a telephone message be sent ahead to stop the truck, and that no other truck had passed the filling station in the meantime. This evidence was not necessarily conclusive of the point, for there were a lane and a side road between the place of the accident and the filling station. Nevertheless, the plaintiff's testimony bearing on the question of identity, considered as a whole, was substantial, and required the submission of the issue of identity to the jury.

■ The evidence of identity was sufficient without certain testimony given by the father-in-law to the effect that on the day following the accident the defendant came to his house and amongst other things said he would help to pay the hospital expenses of the plaintiff. This testimony, first admitted, was later stricken out when it seemed to the court that the defendant's statement was made as an offer of compromise of a disputed liability, and this ruling has been assigned as error. It is of course settled that an offer of compromise is privileged and may not be received in evidence; but it is not clear to us from the record in this case that an offer of this kind was being made, for the parties were not discussing a claim for damages or a proposition for settlement. Nevertheless, the question remains whether the offer of assistance, irrespective of compromise or settlement, had probative force as an admission tending to show liability, or at least the identity of the defendant's truck with that which hit the plaintiff. Although the cases are seemingly in conflict upon the point, there is weighty authority, which includes the courts of North Carolina, that a voluntary offer of assistance made upon an impulse of benevolence or sympathy may not be considered an admission of culpable causation. Wigmore on Evidence, vol. 1, p. 283; Barber v. R. Co., 193 N. C. 691, 138 S. E. 17; Norman v. Porter, 197 N. C. 222, 148 S. E. 41; Patrick v. Bryan, 202 N. C. 62, 162 S. E. 207; Grogan v. Dooley, 211 N. Y. 30, 105 N. E. 135; Sias v. Consolidated Lighting Co., 73 Vt. 35, 50 A. 554; Langdon v. Ahrends, 166 Iowa, 636, 147 N. W. 940. Compare Wilson v. Daniels, 250 Mass. 359, 145 N. E. 469; Dennison v. Swerdlove, 250 Mass. 507, 146 N. E. 27. If, however, the surrounding circumstances indicate, not merely an act of benevolence, but some admission of fault on the part of the defendant, the evidence may be admissible. See Brown v. Wood, 201 N. C. 309, 160 S. E. 281. Unless it should appear on a new trial of the pending case that the defendant's offer of assistance was accompanied by circumstances tending to show an admission of liability or an admission that his truck was the one involved in the accident, the evidence should not be received. Even if it is admitted, the jury should be cautioned that the offer alone is not evidence of liability.

■ Assuming, then, that the defendant's truck was the one which struck the plaintiff, we consider next the contention that the evidence was insufficient to establish negligence on the part of the driver of the truck. Some discussion has been devoted to the question whether the plaintiff's evidence was sufficient to show that the truck was running at a speed of 35 to 40 miles an hour, and whether such a speed violates the provisions of the North Carolina statutes which prohibit any motor vehicle, engaged in transporting property over the highways of the state, to travel at a greater rate of speed than 35 miles an hour, and prohibit any motor vehicle to which a trailer is attached to travel at a greater rate of speed than 30 miles an hour. Consolidated Statutes of North Carolina (Code 1931) § 2621 (46a). But there is no need to consider this aspect of the matter, for the plaintiff's evidence shows, and we must therefore assume, that, while she was walking on the shoulder and beyond the paved portion of the road in full sight of the driver of the truck as it approached from the rear, she was struck down and injured. Since she was walking straight ahead at the time, and did not veer to the left, and since the defendant's evidence showed that it was impossible for the truck to strike her if it stayed upon the concrete, negligence on the part of the truck driver is manifest. Either the vehicle was driven off the pavement or the driver miscalculated its overhang as it passed the point of collision. In either case, the truck, with nothing in its way upon the hard surface of the road, drove unnecessarily close to the plaintiff. The situation resembles that considered by this court in Norfolk Southern Bus Corp. v. Lask, 43 F.(2d) 45, where the plaintiff, while riding horseback along the shoulder contiguous to the right-hand edge of a roadway, was struck by a motorbus which overtook her and collided with the horse.

498

■ Finally, it is said that the evidence clearly shows such contributory negligence on the part of the plaintiff as required the withdrawal of the case from the jury. Evidence was introduced tending to show the promulgation of an ordinance, with the force and effect of law, by the state highway commission of North Carolina, which provides that it shall be unlawful for pedestrians to walk along the state highways except on the left-hand side thereof; and so it is contended that the plaintiff was deliberately engaged in a violation of the law at the time of the accident, without which she would not have been hurt. It is generally recognized that actionable negligence is established on the part of one who violates the law if it is shown that the unlawful action was the proximate cause of personal injury; and contributory negligence may be similarly shown. Radford v. Young, 194 N. C. 747, 140 S. E. 806; Feehan v. Slater, 89 Conn. 697, 96 A. 159; Hooker v. Schuler, 45 Idaho, 83, 260 P. 1027; Harry v. Pratt, 155 Wash. 552, 285 P. 440; Pixler v. Clemens, 195 Iowa, 529, 191 N. W. 375; Petrie v. E. A. Myers Co., 269 Pa. 134, 112 A. 240; and see the discussion in Huddy, Encyc. of Automobile Law, vol. 3–4, p. 61 et seq.

■ It is of course true that the plaintiff would not have been injured had she not been walking unlawfully on the wrong side of the road; but, even if this conduct be considered negligence per se, it does not follow that the truck driver could run her down with impunity, for, if he saw that she was in a position of danger, and by the exercise of ordinary care could have avoided the accident, it was his duty to do so. He had, in such event, "the last clear chance," and should have taken it. The Supreme Court approved this doctrine in the following language in Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 429, 12 S. Ct. 679, 687, 36 L. Ed. 485: "Although the defendant's negligence may have been the primary cause of the injury complained of, yet an action for such injury cannot be maintained if the proximate and immediate cause of the injury can be traced to the want of ordinary care and caution in the person injured; subject to this qualification, which has grown up in recent years (having been first enunciated in Davies v. Mann, 10 Mees. & W. 546), that the contributory negligence of the party injured will not defeat the action if it be shown that the defendant might, by the exercise

of reasonable care and prudence, have avoided the consequences of the injured party's negligence."

See, also, Chunn v. City & Suburban Ry., 207 U. S. 302, 28 S. Ct. 63, 52 L. Ed. 219, where the plaintiff was injured while boarding a street car by a collision with another car of the defendant running in the other direction, and the court said that, even if she carelessly placed herself in a position exposed to danger, and it was discovered by the defendant in time to avoid the injury by the use of reasonable care on its part, its failure to use such care might be found to be the sole cause of the resulting injury.

There is considerable difference of opinion in the decisions of the courts as to whether the doctrine is limited to cases in which the defendant actually discovers the peril of the plaintiff in time to avoid the injury, or may also be applied where, by the exercise of ordinary care, the peril of the plaintiff might have been discovered by the defendant in time to avoid the injury. See the cases cited in 45 C. J. p. 989, §§ 541, 542. In several federal circuits, the limitation of the doctrine has generally been applied, and it has been held that the defendant must actually have discovered the plaintiff's peril before the rule can be invoked against him. Walker v. East St. Louis & S. R. Co., 25 F.(2d) 579 (C. C. A. 8); Pennsylvania R. Co. v. Swartzel, 17 F.(2d) 869 (C. C. A. 7); Jerrell v. N. Y. Central R. Co., 68 F.(2d) 856 (C. C. A. 2); Heurich Brewing Co. v. McGavin, 56 App. D. C. 389, 16 F.(2d) 334.

■ On the other hand, it was held in Robbins v. Pennsylvania Co., 245 F. 435 (C. C. A. 6), that the doctrine applies where the defendant has either actual notice "or is fairly chargeable with notice of the peril of the person injured," and negligently fails to avoid the injury; and the Supreme Court of the United States in Kansas City So. Ry. Co. v. Ellzey, 275 U. S. 236, 241, 48 S. Ct. 80, 81, 72 L. Ed. 259, speaking of the rule and holding it inapplicable to the facts of the case, said: "That doctrine, rightly applied in the Chunn Case [207 U. S. 302, 28 S. Ct. 63, 52 L. Ed. 219], amounts to no more than this, that a negligent defendant will be held liable to a negligent plaintiff if the defendant, aware of the plaintiff's peril *or unaware of it only through carelessness,* had in fact a later opportunity than the plaintiff to avert an accident." (Italics inserted.)

 

This statement of the rule has been followed in Porto Rico Ry. L. & P. Co. v. Miranda (C. C. A.) 62 F.(2d) 479, certiorari denied 289 U. S. 731, 53 S. Ct. 593, 77 L. Ed. 1480. In this state of the authorities, we conclude that the doctrine should not be limited to instances of actual knowledge on the part of the defendant of the plaintiff's peril—at least where the defendant, as in the pending case, was under a specific obligation as the driver of a truck to look out for persons and vehicles on the roadway ahead of him. See Dent v. Bellows Falls & S. R. Street Ry. Co., 95 Vt. 523, 116 A. 83, 87. The evidence at the trial in the District Court, as we have said, was sufficient to support the contention that the driver of the truck must have seen the group of persons, including the plaintiff, as they walked ahead of him to the right of the paved portion of the road. But, if actual knowledge of the plaintiff's danger is disputed at the retrial of the case, the jury should be instructed that the defendant is liable if the driver of the truck saw, or by the exercise of ordinary care could have seen, that the plaintiff was in a position of danger in time to have avoided the accident by the exercise of ordinary care on his part, but failed to do so.

As a further qualification upon the driver's duty to look out for persons upon the road ahead of him, the defendant invokes the general rule that one is not under a duty of anticipating negligence on the part of others, and, in the absence of anything which should give notice to the contrary, he is entitled to act upon the assumption that others will exercise ordinary care for their own safety. Shirley v. Ayers, 201 N. C. 51, 53, 54, 158 S. E. 840. So it is argued that the driver of the truck, even if he saw the plaintiff walking ahead of him on the shoulder of the road, was entitled to assume that she would turn aside to the right and reach a place of safety before the truck overtook her. But this statement of the situation ignores the important qualification in the rule that a person driving upon the highway has no right to persist in his right of way when he realizes that another person whom he is approaching or overtaking, cannot conform to the rule of the road or is unconscious of his danger. Standard Oil Co. v. McDaniel, 52 App. D. C. 19, 280 F. 993; Huddy, Encyc. of Auto Law, vol. 3-4, § 116. In the instant case, the plaintiff ob-

viously believed that she was in a position of safety on the shoulder of the road; and the truck driver could see, as he approached, how near to her he would come as his car passed by, for she was making no effort to widen the distance. He himself, according to his testimony, believed that with his wheels on the pavement there was no danger, and he took a chance. Obviously his was the last decision, and he must take the responsibility for the mistake.

The judgment of the District Court is reversed.