DOLORES DÍAZ Y VÉLEZ, menor de edad representada por su padre ANTONIO DÍAZ, demandante y apelada, *v.* SIMPLICIO ARROYO, demandado y apelante.

Núm. 6800.—*Sometido:* Enero 17, 1936.  *Resuelto:* Julio 8, 1936.

*Ildefonso Freyre,* abogado del apelante;  *Pascasio Fajardo Martínez,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El primer señalamiento es que la corte de distrito cometió error al declarar sin lugar una excepción previa de

falta de hechos suficientes para determinar una causa de acción. El pleito era por los daños y perjuicios causados por una herida de bala que, según se alegaba, el demandado había infligido por su negligencia. La teoría de la excepción fué que la demanda no demostraba que el demandado vió o pudo haber visto a la demandante, o tuviera motivo alguno para creer, al tiempo de hacer el disparo, que heriría a la demandante o a alguna otra persona. En la demanda se alegaba:

"Que.... se encontraba la menor demandante cerca de la casa en que habitaba y que queda en una propiedad perteneciente a don Quintín Ramírez, la que radica en el barrio de Llanos Costa, del término municipal de Cabo. Rojo y de este Distrito Judicial de Mayagüez, recogiendo leña para llevarla a su hermana, Lucila Díaz, con la cual vivía y en esos momentos el demandado, Simplicio Arroyo Pabón, se encontraba en otra propiedad de la pertenencia de la sucesión de Don Juan Arroyo que queda en el propio barrio, Municipio y distrito judicial y cuyas fincas están separadas por la carretera o camino público conocido con el nombre de Guanábanas, parado en la puerta de una tienda que da frente al sitio donde se encontraba la menor recogiendo leña.

"Tercero.—Que a la hora, día, mes, año y sitio indicados, el demandado, negligentemente y sin tomar precaución alguna hizo uso de un revólver que es un arma mortífera y peligrosa *per se* y disparó un tiro con dirección hacia el sitio donde se encontraba dicha menor demandante, a una altura y condiciones tales que la bala hirió a la menor demandante por la parte de atrás del cuello entre el tronco y la cabeza, justamente en el centro de dicho sitio ...."

La descripción anterior basta para demostrar que el lugar en que ocurrió el disparo no era un sitio deshabitado ni poco poblado. Las circunstancias que rodean el caso, conforme se indica en la demanda, imponían al demandado el deber de determinar si había alguna persona al alcance antes de disparar a través de una vía pública en dirección a un sitio cercano a una casa residencial, donde la presencia de menores o adultos podía esperarse. Esta alegación sobre el sitio y las circunstancias que rodean el caso, unida a la alegación que se hace en el párrafo siguiente al efecto de que el demandado "negligentemente y sin tomar precaución alguna", hizo uso

de su revólver en dirección al sitio donde se encontraba la demandante, era suficiente demostración de negligencia. Bancroft, Code Pleading, Vol. 4, p. 3583, sección 2038; Restatement of the Law of Torts, Vol. 2 (On Negligence), p. 1295; sección 500 (d); *Pigeon* v. *Fuller & Co.* (Cal.), 105 P. 976; 45 Corpus Juris 1066, sección 638; 45 Corpus Juris 651, 653, 657; *Bolin* v. *Ballinger,* 293 P. 472; *Corn* v. *Sheppard,* 229 N. W. 869, 870; *McLaughlin* v. *Marlatt,* 246 S. W. 548; 20 Ruling Case Law 11; sección 8, sección 9, p. 13; sección 11, p. 15 y sección 26, p. 32; *Manning* v. *Jones,* 129 S. W. 791.

■ El tercer señalamiento es que la corte de distrito cometió error al permitir a la parte demandante presentar prueba que tendía a demostrar la existencia de un ofrecimiento de transacción o arreglo. El letrado de la demandante preguntó al demandado en la repregunta si era o no cierto que había pagado a la demandante una suma semanalmente. Éste contestó negativamente. El letrado del demandado se opuso fundándose en que la cuestión era impertinente. El juez dijo que la pregunta ya había sido contestada. El abogado de la demandante entonces preguntó al demandado si era o no cierto que había ido al banco y dado órdenes de que no se pagara un cheque de $7 usado en la compra de medicinas en una farmacia. El demandado nuevamente contestó en forma negativa.

El padre de la demandante, Antonio Díaz, declaró entonces en refutación: que Arroyo había ordenado a su hijo en Cabo Rojo que le pagara a la demandante y el hijo le pagó a ella $7.50; que pagaron al testigo primero en dinero y luego le dijeron que iban a dárselo en cheques; que cuando él, el demandante, llevó la niña al fiscal, el demandado se puso molesto porque el testigo había mostrado el cheque a dicho funcionario y ellos no lo pagaron; que cuando se envió la niña a Ponce para ser examinada, el demandado le dió $2 al testigo.

Simplicio Arroyo entonces declaró en contrarrefutación: que él no había ordenado a su hijo que le diera ningún dinero

a Antonio Díaz; que el testigo le dió a Díaz un dólar el día que éste llevó su hija a Ponce; que su hijo era aparte; que era mayor de edad y hacía negocios aparte. Al inquirírsele en la repregunta si no recordaba haber dado a Antonio Díaz cheques en dos o tres ocasiones distintas, el testigo contestó negativamente. Entonces surgió el incidente que sigue:

"Licdo. Fajardo: Vamos a solicitar de la corte que ordene se cite al farmacéutico que recibió el cheque cuando el demandante fué a buscar las medicinas.

"Hon. Juez: La corte lo va a permitir para mañana a las 9 de la mañana. Cítelo hoy mismo. Receso hasta mañana a las nueve."

Al reunirse la corte al siguiente día, el letrado del demandado citó el caso de *Pérez* v. *Guánica Centrale*, 17 D.P.R. 963, en apoyo de la contención de que una oferta de transacción no era admisible como prueba. El juez de distrito dijo que la doctrina era clara. El abogado de la demandante manifestó que aceptaba la doctrina. El de la parte demandada entonces insistió en que no se permitiera declarar al testigo que había sido llamado. El abogado de la demandante explicó que su testimonio era para refutar la aseveración del demandado de que nunca había dado dinero alguno. El juez entonces dijo: que el caso más aplicable al presente lo era el de *Colomé* v. *Guánica Centrale*, 16 D.P.R. 466; que lo que la Corte Suprema dijo en dicho caso era *obiter dictum;* que los hechos del caso de autos eran enteramente distintos; que la corte admitiría la declaración; que si se hallara un caso aplicable a los hechos del presente, el juez lo examinaría y al dictar sentencia haría constar si había considerado o no tal sentencia. El letrado del demandado se anotó una excepción a esta resolución de la corte.

El farmacéutico declaró entonces: que Antonio Díaz había pagado por ciertas medicinas con un cheque suscrito por Monserrate Arroyo; que el cheque fué devuelto por el banco. El abogado del demandado solicitó se eliminara la declaración de este testigo. La moción fué declarada sin lugar. Esta declaración fué seguida por prueba de contrarrefutación adi-

cional de parte del demandado. Esta controversia en torno a si el demandado gastó o no pequeñas sumas de dinero en beneficio de la demandante comprende unas catorce páginas de la transcripción taquigráfica. Toda la prueba tendente a demostrar tales pagos, ora se le considere como demostrativa de un esfuerzo para llegar a una transacción o como demostrativa de una admisión de responsabilidad; era claramente inadmisible para uno u otro fin. El *obiter dictum* en *Colomé* v. *Guánica Centrale* exponía la ley claramente. *Grogan* v. *Dooley,* 105 N. E. 135; *Finn* v. *New Eng. Telephone Co.,* 64 Atl. 490; *Poole's Seed and Implement Co.* v. *Rudene,* 200 P. 1104; *Weeks* v. *New Orleans Ry.,* 32 La. Ann. 615; *Smith* v. *Baily* (N. Y.), 14 App. Div. 283; *Sias* v. *Consolidated Lighting Co.,* 50 Atl. 554; *Norman* v. *Porter,* 148 S. E. 41; *Brown* v. *Wood,* 160 S. E. 281; *Ocean Accident, etc.* v. *Missouri Engineering Co.,* 63 S. W. (2d) 196; *Arnold* v. *Owens,* 78 Fed. (2d) 495; *St. Louis Ry. Co.* v. *Holmes,* 131 S. W. 692; *Haugh* v. *Kirsch,* 135 Atl. 568; *Gainesville Midland Ry.* v. *Jackson,* 57 S. E. 1007; *Octoby* v. *Henley,* 84 N. W. 942; *Lange* v. *Interstate Sales Co.,* 166 S. W. 900; *Frame* v. *Olmsted,* 187 N. W. 18; *Kuehn* v. *Ritter,* 233 S.W. 5; *Donovan* v. *Driscoll,* 90 N. W. 60.

La objeción del demandado a la primera pregunta en el examen redirecto respecto al pago de un semanal a la demandante fué bien tomada. La pregunta era impertinente e impropia, excepto quizá si se hacía con el fin de establecer una base para impugnar al testigo. No se estableció suficiente fundamento para el testimonio del farmacéutico acerca del pago de medicinas hecho con un cheque suscrito por el demandado. Cuando el farmacéutico declaró que el cheque había sido devuelto por el banco, el demandado se opuso fundado en que si había sido devuelto por el banco debía presentarse el cheque. El juez manifestó que el cheque no había sido pagado. El letrado de la demandante dijo que lo había sido más tarde. Pudo haber sido devuelto por falta de fondos, por una firma ilegible o por muchas otras razones que por

haberse dado órdenes de no pagarse. Nada había en la declaración del farmacéutico que demostrara que el demandado o alguna otra persona había ordenado que no se pagara. Al demandado no se le había preguntado en el examen redirecto acerca de ningunos cheques expedidos por su hijo, así como tampoco si había ordenado, solicitado o autorizado a su hijo que expidiera algunos cheques. La declaración no era más admisible para una impugnación que lo que lo era para demostrar una admisión de responsabilidad por parte del demandado. Éste, sin embargo, no presentó objeción por tal motivo.

Quizá técnicamente bastaría decir, en respuesta al tercer señalamiento del apelante, que la prueba no fué admitida como una oferta de transacción, sino a manera de impugnación, y que no fué objetada como inadmisible para tal fin. Empero, no estaríamos dispuestos a basar nuestra confirmación en motivos técnicos si estuviésemos convencidos de que el juez de distrito fué en realidad influído indebidamente por esta prueba inadmisible.

El apelante sostiene que no sabemos los motivos que sirvieron de fundamento a la sentencia dictada por el juez de distrito. Eso es muy cierto, más aparentemente ello no es culpa del juez de distrito. Al declarar sin lugar la objeción del demandado al testimonio del farmacéutico, el juez dijo, según ya hemos expuesto, que si podía hallarse un caso aplicable, él lo examinaría y, al dictar sentencia, haría constar la consideración que había dado al mismo. La sentencia se refiere a una opinión que se supone aducir los fundamentos en que se basa esa sentencia. Tal opinión no está ante nos y no nos es posible decir que el juez de distrito dió indebida importancia al hecho de que el hijo del demandado había entregado a la demandante diversas sumas pequeñas de dinero en cheques o en alguna otra forma.

El segundo señalamiento fué que la corte de distrito cometió error en la apreciación de la prueba y al dictar sentencia contra el demandado. La prueba de la demandante

no presentó un caso muy satisfactorio contra el demandado. Sin embargo, de ser cierta, bastaba para sostener la sentencia, y el juez de distrito aparentemente la creyó.

▉ El cuarto señalamiento es que la corte de distrito erró al conceder costas a la demandante. La única razón que tiene el apelante para hacer este señalamiento es que la demandante solicitó daños y perjuicios por la suma de $10,000 y solamente obtuvo $700. Eso, sin más, no es suficiente para demostrar un abuso de discreción en la concesión hecha.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.