ALBERT WILSON v. E. H. CLEMENT COMPANY AND UNITED STATES
CASUALTY COMPANY.

(Filed 1 January, 1935.)

**Master and Servant F c—Evidence held insufficient to invoke principle
of equitable estoppel relied on by claimant to defeat N. C. Code,
8081 (ff).**

Claimant sustained an injury by accident arising out of and in the
course of his employment, but no claim for compensation was filed with
the Industrial Commission for more than twelve months after the injury,
N. C. Code, 8081 (ff). Claimant testified that within the twelve months
period he inquired of his superintendent several times as to compensa-
tion, and was told on one occasion that his "wages were going on," and
that he relied upon the foreman's statement. The evidence disclosed
that he received no wages or compensation for over twelve months after
the injury: *Held*, the facts do not bring the case within the principle of
equitable estoppel, there being no request by defendant that claimant
delay the pursuit of his rights, nor was there an express or implied agree-
ment not to plead the statute, and claimant's right to compensation was
barred by N. C. Code, 8081 (ff). Whether N. C. Code, 8081 (ff), is a
statute of limitations or condition precedent to the right to recover com-
pensation which cannot be waived by the parties, *quære?*

CIVIL ACTION, before *Sinclair, J.*, at March Term, 1934, of ORANGE.

Plaintiff suffered an injury by accident in the course of his employ-
ment on 15 August, 1929. He employed counsel and filed a claim with
the Industrial Commission on 8 September, 1930. Thereupon, a hear-
ing was had before Commissioner Allen, who found that the injury to
plaintiff arose out of and in the course of his employment, and that as
a result thereof he had sustained a twenty per cent permanent loss of
use of his right leg. He also found "that no written report of the acci-
dent by the employee, employer, or insurance carrier was filed with the
Industrial Commission within one year from the date of the accident,"
and denied an award. There was an appeal to the full Commission,
and it found that no claim for compensation had been filed by anyone
within one year after the accident, and also that "the claimant was led
to believe by officials of the defendant employer that he would be taken
care of, and in relying upon their statements that he would be taken
care of, prevented him from employing counsel and filing his claim
within twelve months," and concluded that "the defendant ought not to
be permitted to plead the statute and defeat the rights of the employee
in this case, and we believe that the principle of equitable estoppel ought
to be invoked and that the claimant ought to be awarded compensation."

Consequently, an award was made and the defendant appealed to the Superior Court.

The testimony of plaintiff appearing in the record upon which the doctrine of equitable estoppel was based is substantially as follows: Plaintiff was hurt on or about the middle of August, and on Saturday following his injury he went down to the quarry and saw Mr. Dickinson, the superintendent. Plaintiff said: "I said to Mr. Dickinson, 'I got to quit work, I can't walk.' He said: 'Can you carry water?' I said: 'I can't walk and couldn't carry water when I can't walk.'" Some time subsequent to the foregoing conversation the plaintiff went to see Mr. Dickinson again and narrates the conversation as follows: "I said: 'Mr. Dickinson, I'm not able to work yet because I can't walk yet.' . . . 'You have not paid me anything for getting hurt around here.' He said: 'Well, I would pay you as much as $10.00 if you come back and go to work.' I told him I couldn't walk. That is the second time I told him. The third time I told him I couldn't walk and couldn't work, he said: 'You can have a job as long as you want it.' I told him I couldn't work. He said, 'You got on good clothes, you better go ahead and go to preaching.' I said: 'I was not called to preach.' I said: 'I have got to get an operation and it looks like you could give me a little compensation. I'm a man with six children.' . . . He told me my wages was going on, and I told him I had never received anything. . . . He said, 'Your wages is going on, they come here,' and I told him I didn't get it. I never have received anything. . . . I saw Mr. Dickinson and depended on him as I did once before when I got hurt down there. He said, 'I will pay you when you come back and go to work.'"

The claimant was treated by Drs. Thompson, Coleman, and Markham prior to the time the notice of claim was filed.

The trial judge affirmed the award of the full Commission, and the defendant appealed to the Supreme Court.

*Graham & Sawyer and Thomas C. Carter for plaintiff.*
*Thos. Creekmore and Murray Allen for defendant.*

BROGDEN, J. Is the claimant entitled to receive compensation for the injury sustained on or about 15 August, 1929?

C. S., 8081 (dd), 8081 (ee), and 8081 (ff), prescribe the method of giving notice and of filing a claim with the Industrial Commission. C. S., 8081 (ff), declares in plain and unequivocal language that "the right to compensation . . . shall be forever barred unless the claim be filed with the Industrial Commission within one year after the accident," etc. It was found as a fact by the Industrial Commission that no

claim was filed by anyone within a year from the date of the accident, and, consequently, nothing else appearing, plaintiff would not be entitled to recover.

However, the plaintiff asserts that C. S., 8081 (ff), is a statute of limitations, and that the same has been waived by the defendants, or that by their conduct they lulled the plaintiff to sleep, and while he slept deprived him of his right of compensation, and therefore the principle of equitable estoppel prevents them from asserting the bar of the statute.

The defendants assert with equal conviction that the statute is not a statute of limitations, but a condition precedent annexed to the cause of action, and cannot be waived by the parties. The defendants further assert that, even if it be conceded that the principle of equitable estoppel would be applicable, there is no evidence in the record sufficient to invoke such doctrine.

It is unnecessary to decide whether C. S., 8081 (ff), is a condition precedent or a statute of limitations.

Of course, if it is a condition annexed to the cause of action of similar character to C. S., 160, obviously the claimant was entitled to no compensation. Conceding, but not deciding, that the statute is one of limitations, is there any evidence upon which to base the doctrine of equitable estoppel? The nature of such estoppel and the elements thereof, as heretofore declared and applied, were stated in *Franklin v. Franks,* 205 N. C., 96. The Court said:. "The general rule is that a party may either by agreement or conduct estop himself from pleading the statute of limitations as a defense to an obligation. . . . To constitute such estoppel, there must be more than a mere delay or indulgence at the request of the debtor. There must be an express agreement not to plead the statute, or such conduct on the part of the debtor as would make it inequitable for him to do so. . . . See *Lyon v. Lyon,* 43 N. C., 201; *Daniel v. Comrs.,* 74 N. C., 494; *Haymore v. Comrs.,* 85 N. C., 268; *Whitehurst v. Dey,* 90 N. C., 542; *Brown v. R. R.,* 147 N. C., 217, 60 S. E., 985.

"In the *Dey case, supra,* it was intimated by the Court that it would constitute a species of fraud for a person to actively request or cause a delay in asserting a cause of action and then plead the statute of limitations as a defense when the suit was brought. The Court said: 'No such fraudulent element is found in the facts of this transaction. The failure to sue was not in consequence of any request from the defendant, nor under any agreement making payment contingent or any undetermined future event, as an underlying condition requiring delay.' "

The facts in the case at bar do not bring it within the principle of equitable estoppel. The defendants did not request the claimant to delay the pursuit of his rights. There was neither express nor implied

agreement upon their part not to plead the statute. While it is true that the defendants told the claimant that his wages were going on, nevertheless he did not receive a penny in wages for more than twelve months, and, consequently, was bound to know that no wages were being paid.

The Court is of the opinion that the admitted facts are not sufficient to warrant the application of the doctrine of equitable estoppel and thus to preclude the defendants from pleading the bar of C. S., 8081 (ff).

Reversed.