B. G. LILLY v. BELK BROTHERS AND HARTFORD ACCIDENT AND INDEMNITY COMPANY.

(Filed 25 November, 1936.)

**1. Master and Servant F c—Evidence held to support findings that claim was not filed in time and that employer was not estopped to assert defense.**

The evidence before the Industrial Commission tended to show that claimant, injured in the course of his employment, failed to give the

employer notice thereof and did not file claim therefor until more than twelve months after the injury, that the employer did not file a report of the accident because it did not have knowledge thereof, and that the employer delivered claimant's wages to him after the disability resulting from the injury, but that the employer thought the disability was due to a prior injury, had no knowledge of the subsequent injury, and made no representations that the wages delivered to the claimant were in lieu of compensation. *Held:* The evidence supports the findings of the Industrial Commission that the claim was not filed within the time prescribed by N. C. Code, 8081 (dd), (ee), (ff), and that the employer was not estopped to set up the defense that the claim was filed too late.

**2. Master and Servant F i—**

The findings of fact made by the Industrial Commission in a hearing before it are conclusive on the courts when they are supported by competent evidence.

APPEAL by plaintiff from *Pless, J.,* at July Special Term, 1936, of MECKLENBURG. Affirmed.

Petition by plaintiff for an award under the North Carolina Workmen's Compensation Act on account of an injury by accident arising out of and in course of employment by defendant Belk Brothers.

An award was denied by the North Carolina Industrial Commission on the ground that plaintiff had not filed claim within the time prescribed by the statute. On appeal to the Superior Court, the ruling of the Industrial Commission was affirmed, and plaintiff appealed to this Court.

*D. E. Henderson for plaintiff.*

*C. H. Gover, William T. Covington, Jr., and Hugh L. Lobdell for defendants.*

DEVIN, J. The plaintiff, a salesman in the employ of defendant Belk Brothers, in Charlotte, North Carolina, in the course of his employment struck his leg against an obstacle in January, 1934, and later, as a result, was disabled from September, 1934, to February, 1935, and afterwards.

The North Carolina Industrial Commission found "that the claimant did not file a claim with the Industrial Commission within twelve months from date of the accident, as required by section 24" of the Workmen's Compensation Act, and "that the employer did not have knowledge of the accident within thirty days, and that the employer did not file with the Industrial Commission report of an accident occurring to the claimant in January, 1934." Award was denied for failure to comply with requirements of C. S., 8081 (dd), 8081 (ee), 8081 (ff). *Hardison v. Hampton,* 203 N. C., 187; *Hanks v. Utilities Co., ante,* 312.

There was evidence to sustain the findings of the Industrial Commission. It appeared from the testimony offered by the defendant employer

that it had no knowledge of the accident until the following September, and attributed the disability then to similar injury sustained by plaintiff in 1931, and that no notice of claim was given until July, 1935.

The findings of fact of the Industrial Commission are conclusive if supported by competent evidence. *West v. Fertilizer Co.,* 201 N. C., 556; *Reed v. Lavender,* 206 N. C., 898; *Morgan v. Cloth Mills,* 207 N. C., 317.

The plaintiff, however, contends that the defendants should be held to be equitably estopped to set up the defense that the claim was filed too late, by reason of the conduct of the employer calculated to induce him to think the claim had been duly filed. But the facts found by the Industrial Commission are not sufficient to render this principle applicable here. The findings on this point were as follows: "The evidence discloses that his wages were paid him (during fall of 1934) in the usual manner, except that they were delivered to him, as he was unable to go to the store; that nothing was said about these wages being paid in lieu of compensation provided by the Workmen's Compensation Law; . . . that claimant made no reference to being injured on the job, or that he was claiming compensation; . . . that the witness Barger, book-keeper, to whom accidents were supposed to be reported, testified the first knowledge he had of an alleged injury on the job was in June, 1935. . . . The Commission is convinced that the defendant employer has done nothing in this case that would tend to lull the claimant into security that he was going to be taken care of under the provisions of the Compensation Law. There is evidence that the claimant sustained a prior injury to this same leg in 1931, at which time the medical bill was taken care of in the routine manner under the provisions of the Compensation Law."

The question here presented was discussed and decided adversely to the plaintiff by this Court in *Wilson v. Clement Co.,* 207 N. C., 541, *Brogden, J.,* writing the opinion and citing authorities in support.

Unfortunately for the plantiff, being debarred of his common law action, he has been denied compensation for his injury under the Workmen's Compensation Act, but on the record and findings of the Commission, we are unable to help him.

Judgment affirmed.