R. A. MORRIS v. LAUGHLIN CHEVROLET COMPANY, Employer, and LUMBER MUTUAL CASUALTY COMPANY, Carrier.

(Filed 17 April, 1940.)

**1. Statutes § 5a—**

The cardinal rule in the construction of a statute is to effectuate the intent of the Legislature.

**2. Master and Servant § 37—**

The Workmen's Compensation Act will be construed as a whole to effectuate the intent of the General Assembly.

**3. Master and Servant § 41a—Medical and hospital expenses should not be included in computing the maximum compensation recoverable for any one injury.**

In computing the $6,000.00 maximum amount recoverable for any one injury under the Compensation Act, Michie's Code, 8081 (ww), the amount paid by the employer or insurance carrier for medical and surgical treatment and/or hospitalization or other treatment, including medical and surgical supplies, Michie's Code, 8081 (gg), should not be included, since the Compensation Act does not include such medical and hospital expense in defining the word "compensation" but defines compensation as the money allowance payable to an employee or his dependents, including funeral benefits provided by the act, Michie's Code, 8081 (i) (k).

APPEAL by defendants from *Ervin, Special Judge,* at February-March Civil Term, 1940, of CABARRUS. Affirmed.

This is an action brought by R. A. Morris, employee, against Laughlin Chevrolet Company, employer, and Lumber Mutual Casualty Company, carrier, for compensation for injuries, under the N. C. Workmen's Compensation Act, N. C. Code, 1939 (Michie), sec. 8081 (h), *et seq.* (Public Laws 1929, ch. 120, and amendments thereto).

It is alleged that the plaintiff, on 31 December, 1936, suffered an "injury by accident arising out of and in the course of the employment." Sec. 8081 (i) f. He was injured when working under a car in a sitting position directly under the gas tank. The car was hoisted by a chain fastened to a chain hoist. The chain was fastened around the bumper of the car and then hooked back to the chain. Movement of the car caused the hook to slip off the chain, letting the car fall on the back of plaintiff. The alleged injury resulted in total and permanent disability from paralysis. An agreement for the payment of compensation was entered into and an award issued thereon 26 January, 1937, and payments were made as a result of said award both to the plaintiff and for medical services to August, 1939. A hearing was held for the purpose of determining whether or not further hospitalization should be granted to plaintiff, and an award was entered ordering hospitalization stopped. The award was made by T. A. Wilson, hearing Commissioner, on 17 October, 1939.

The defendants contend that they have paid the sum of $2,376.00 directly to the employee at the rate of $18.00 per week, and $3,667.74 for medical, hospital, nursing, drugs, physicians and surgeons fees, which totals $43.74 more than $6,000.00.

The hearing Commissioner decided against defendants' contentions, and the defendants appealed to the Full Commission, which sustained the hearing Commissioner. The Full Commission, after setting forth its reasons, said: "The Full Commission, therefore, is definitely of the opinion that medical and hospital services rendered the injured employee by the defendants, as provided in the act, should not be considered a part of compensation as compensation is defined in said act and that, therefore, should not be rightfully included in the $6,000.00 limit placed upon the amount of compensation to be paid to an injured employee. The Full Commission affirms, approves and adopts as its own the findings of fact, conclusions of law and award as made by hearing Commissioner Wilson."

An appeal was taken by defendants to the Superior Court, and the following judgment was rendered: "This cause being heard upon appeal of the defendants from the conclusions of law and award of the North Carolina Industrial Commission, and the court being of the opinion and

finding that the findings of fact, conclusions of law and award of the Commission are correct: It is, therefore, ordered, adjudged and decreed that the findings of fact, conclusions of law and award of the North Carolina Industrial Commission be, and they are hereby in all respects affirmed. This the 6th day of March, 1940. S. J. Ervin, Jr., Judge Presiding."

To the foregoing judgment, defendants excepted, assigned error and appealed to the Supreme Court.

*Hartsell & Hartsell for plaintiff.*
*Sapp & Sapp for defendants.*

CLARKSON, J. N. C. Code, 1939 (Michie), sec. 8081 (ww) (Public Laws 1929, ch. 120, sec. 41), is as follows: "The total compensation payable under this article (act) shall in no case exceed Six Thousand ($6,000) Dollars." Do the words "total compensation" include money paid by the employer or carrier for medical, hospitalization, doctors, nurses and drugs for the employee? We think not.

In *Arp v. Wood & Co.,* 207 N. C., 41, it is held: "The amount allowed by the Industrial Commission for serious facial or head disfigurement is to be included with other amounts allowed an injured employee in determining the total compensation allowed such employee, which in no case may exceed six thousand dollars. N. C. Code, 8081 (kk), 8081 (mm), 8081 (ww)."

In 8081 (i) definition (k) is as follows: "The term 'compensation' means the money allowance payable to an employee or to his dependents as provided for in this act, and includes funeral benefits provided herein."

"The object of all interpretation of statutes is to ascertain the meaning and intention of the Legislature, and to enforce it. The courts are not bound by the letter of the law, which has been denominated its 'body,' but may consider its spirit, which has been called its 'soul.' Nor can the courts, when the intention is once discovered, refuse to enforce it because the facts of some particular case present a seeming hardship. . . . 'In the construction, both of statutes and contracts, the intent of the framers and parties is to be sought, first of all, in the words employed, and if the words are free from ambiguity and doubt, and express plainly, clearly, and distinctly the sense of the framers of the instrument, there is no occasion to resort to other means of interpretation.' Black Inter. Law, 37." *Kearney v. Vann,* 154 N. C., 311 (315); *Blassingame v. Asbestos Co., ante,* 223 (234-5).

We see no ambiguity or doubt in the statute. It sets forth in clear language "total compensation" shall in no case exceed $6,000, and the

statute is a definer.  The term "compensation" means the money allowance payable to an employee or to his dependents, etc.  The statute included funeral benefits, but omitted hospitals, doctors and nurses.  Another section covers these, viz.: Section 8081 (gg), in part, is as follows: "Medical, surgical, hospital, and other treatment, including medical and surgical supplies as may reasonably be required, for a period not exceeding ten weeks from date of injury to effect a cure or give relief and for such additional time as in the judgment of the Commission will tend to lessen the period of disability, and in addition thereto such original artificial members as may be reasonably necessary to the end of the healing period shall be provided by the employer.  In case of controversy arising between the employer and employee relative to the continuance of medical, surgical, hospital, or other treatment, the Industrial Commission may order such further treatment as may in the discretion of the Commission be necessary," etc.

In *Millwood v. Cotton Mills,* 215 N. C., 519 (523), we find: "As we read and construe the wording of the act it is plain that in order to effect a cure or give relief, medical, surgical, hospital or other treatment shall be provided by the employer for a period of ten weeks.  But such treatment may not be required for additional time unless it 'will tend to lessen the period of disability.'  Disability, as used in the act, means 'incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment. Public Laws 1929, ch. 120, sec. 2, subsec. (i).  Whether additional hospital treatment will tend to lessen the period of disability is a question of fact to be ascertained by the Industrial Commission upon competent evidence.  Until and unless such finding be made, the Commission is without jurisdiction to make an award for treatment for an additional period."  In the present case further hospitalization was ordered stopped.

Sec. 8081 (z): "Compensation under this article shall be paid periodically, promptly and directly to the person entitled thereto unless otherwise specifically provided," etc.

Sec. 8081 (kk): "Where the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such total disability, a weekly compensation equal to 60 per centum of his average weekly wages, but not more than eighteen dollars, nor less than seven dollars, a week; and in no case shall the period covered by such compensation be greater than four hundred weeks, nor shall the total amount of all compensation exceed six thousand dollars.  In case of death the total sum paid shall be six thousand dollars less any amount that may have been paid as partial compensation during the period of disability, payable in one sum to the personal representative of deceased," etc.

Construing the act as a whole to effectuate the intent and purpose of the General Assembly, the clear language means, we think, that the total compensation payable under the act shall in no case exceed $6,000. This does not include money paid by the employer or carrier to hospitals, doctors and nurses for hospitalization, etc. These expenses are provided to some extent to be paid (sec. 8081 [gg]), but not out of the $6,000.

From the act it seems that it was clearly the intention of the General Assembly, which passed the Compensation Act, that medical and other services rendered under sec. 25 (Public Laws 1929, ch. 120 [8081 (gg)]), should be in addition to the compensation to which he is entitled under the terms of the act.

This question has been decided adversely to defendants in the case of *Cardillo, Deputy Commissioner, v. Liberty Mutual Insurance Co.,* 101 (2nd Series), page 254, of Federal Reporter. This decision was under Longshoreman's and Harbor Workers' Compensation Act. ch. 18; Federal Code Annotated, Vol. 10, page 259; 33 U. S. C. A., secs. 901, *et seq.* (This act was made applicable to the District of Columbia.) In sec. 902 (12), under that act compensation is defined as follows: " 'Compensation' means money allowance payable to an employee or to his dependents as provided for in this act, and includes funeral benefits provided therein." Sec. 907 (a) of the act, in part, is as follows: "The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus for such period as the nature of the injury or the process of recovery may require," etc. Also under that act, sec. 914 (m), reads: "The total compensation payable under this act for injury or death shall in no event exceed the sum of $7,500.00." It will be seen that sec. 902 (12), 907 (a), and 914 (m) are almost identical with the North Carolina Compensation Act, which seems to have been taken, in the main, from the Longshoremen's Act. The Court in this opinion said: "Section 2 of the act, 'Definitions,' states in paragraph (12) that: ' "Compensation" means the money allowance payable to an employee or to his dependents as provided for in this act, and includes funeral benefits provided therein.' This seems clearly to exclude the medical benefits of section 7. . . . We conclude that medical and similar benefits under section 7 are not to be counted in applying the $7,500 limit of 'total compensation' in section 14 (m). The same conclusion follows from the principle that compensation acts are to be 'construed liberally in furtherance of the purpose for which they were enacted.' *Baltimore & Philadelphia Steamboat Co. v. Norton,* 284 U. S., 408, 414, 52 S. Ct., 187, 189, 76 L. Ed., 366."

In *Thompson v. R. R.,* 216 N. C., 554, this Court declined to consider medical expenses as compensation under the statute.

For the reasons given the judgment of the court below is
Affirmed.