## CHARLES P. LINEBERRY v. TOWN OF MEBANE.

(Filed 20 December, 1940.)

**1. Master and Servant § 47—**

The requirement that an injured employee file notice of his claim within twelve months from the date of injury, sec. 24, ch. 120, Public Laws of 1929, is not a statute of limitations, but a condition precedent to the right to compensation.

**2. Same—**

The time within which notice of injury must be filed is not tolled because of the infancy of the employee, the only provision for the tolling of time being in favor of mental incompetents and minor dependents, sec. 49, ch. 120, Public Laws of 1929. In this case, whether the provision should be extended to include injured employees under 18 years of age is not presented, since more than twelve months expired after claimant became 18 years of age before claim was filed.

**3. Master and Servant § 52a—**

A proceeding before the Industrial Commission for compensation is not a lawsuit in the strict sense, and many of the prerequisites of an action at law are not required. Thus, an infant employee may prosecute his claim directly without the appointment of a next friend or guardian.

APPEAL by plaintiff from *Stevens, J.,* at September Term, 1940, of ALAMANCE. Affirmed.

Claim for compensation by injured employee under the Workmen's Compensation Act.

The claimant, an infant over 18 years of age, an employee of the defendant, non-insurer, on 24 July, 1939, filed with the North Carolina Industrial Commission a report of an injury alleged to have been sustained by him on 31 May, 1938, while working for the defendant. The defendant pleaded sec. 24 of ch. 120, Public Laws 1929, in bar of plaintiff's right to recover.

It appearing to the Industrial Commission and the Commission having found as a fact that claim for compensation was not filed by the plaintiff within one year after the alleged accident, it denied compensation. On appeal to the Superior Court the order of the Industrial Commis-

24—218

sion denying compensation for failure of the plaintiff to file his claim within twelve months after the accident was affirmed. The plaintiff excepted and appealed.

*Long, Long & Barrett for plaintiff, appellant.*
*Thos. C. Carter and June A. Crumpler for defendant, appellee.*

BARNHILL, J. The provisions of sec. 24, ch. 120, Public Laws 1929, constitute a condition precedent to the right to compensation, and is not a statute of limitations. *Winslow v. Carolina Conference Assn.,* 211 N. C., 571, 191 S. E., 403. If an injured employee fails to file notice of his claim within twelve months after the date he sustains an injury by accident arising out of and in the course of his employment, he has no right to compensation under the express terms of the statute.

The infancy of the plaintiff does not toll this provision of the statute. This has been the consistent holding of the Industrial Commission and is, in our opinion, a correct interpretation of the law. 71 C. J., 1024, sec. 799; *Okla. Pipe Line Co. v. Farrell,* 160 Okla., 58, 15 P. (2d), 599; *Decker v. Pouvailsmith Corp.,* 252 N. Y., 1, 168 N. E., 442.

A proceeding before the Industrial Commission for compensation is not, strictly speaking, an action. Many of the prerequisites of a lawsuit are not required in a proceeding before the Commission. Thus it is that an infant may prosecute his claim directly without the appointment of a next friend or guardian, as claimant is here undertaking to do.

The limitations of time provided in the Workmen's Compensation Act for the giving of notice or for making claim thereunder is tolled only in behalf of a person who is mentally incompetent or is a minor dependent, sec. 49, ch. 120, Public Laws 1929; unless the tolling of time is extended to include injured employees under 18 years of age. As more than twelve months expired after claimant became 18 years of age before claim was filed, this question is not presented for decision.

The judgment below is
Affirmed.