MACK WHITTED v. PALMER-BEE COMPANY, AND ROYAL INDEMNITY COMPANY.

(Filed 30 January, 1948.)

**1. Master and Servant § 55d—**

Facts found by the Industrial Commission under a misapprehension of law are not binding on appeal.

**2. Master and Servant § 53b (3)—**

Payment of medical or hospital expenses constitutes no part of compensation to an employee or his dependents under the provisions of our Workmen's Compensation Act. G. S., 97-2 (k).

**3. Master and Servant § 53c—**

The review of an award for change of condition must be made within twelve months from the date of the last payment of compensation pursuant to an award, and while the right to review was enlarged by ch. 823, Session Laws of 1947, to include instances in which only medical or other treatment bills are paid, the amendment provides for review in such cases only within twelve months of the date of last payment of bills for medical or other treatment. G. S., 97-47.

**4. Master and Servant § 43—Report of accident as required by G. S., 97-92, is not filing of claim as required by G. S., 97-24.**

Claimant was injured by accident arising out of and in the course of his employment. He reported the accident to the employer, who, on the day of the accident, reported it to the Industrial Commission as required by G. S., 97-92. Subsequently bills for medical services rendered claimant as a result of the injury were approved for payment by the Commission. No claim for compensation was filed by the employee, the employer or the insurance carrier. More than a year after the accident the employee first discovered the serious effects of the accident and requested a hearing before the Industrial Commission. *Held:* No claim for compensation having been filed within twelve months from the date of the accident and no request for a hearing having been made within that time, and no payment of bills for medical treatment having been made within the twelve months prior to the request for a hearing, the claim is barred by G. S., 97-24.

SCHENCK, J., took no part in the consideration or decision of this case.
BARNHILL, J., concurring.
SEAWELL, J., dissenting.

APPEAL by plaintiff from *Armstrong, J.,* at November Term, 1947, of FORSYTH.

This is a proceeding for compensation, under the provisions of the North Carolina Workmen's Compensation Act, for an injury by accident arising out of and in the course of the employment of the plaintiff by the defendant, Palmer-Bee Company, on 15 June, 1944. The defendant Royal Indemnity Company was the insurance carrier of its codefendant at the time of the accident.

The plaintiff, Mack Whitted, hereinafter called "claimant," was employed as a machine setter. On the above date, while setting up a machine on the premises of his employer, a piece of slag or metal flew up and struck him in the right eye. The accident was reported to the employer on the day it occurred. The employer reported the accident to the Industrial Commission on the same day. Thereafter, small medical bills were incurred as a result of the injury, which bills were approved for payment by the North Carolina Industrial Commission and paid on 5 July, 1944, by the defendant carrier.

No claim for compensation was filed within twelve months by the claimant with the Industrial Commission for loss of wages because he lost no time from his employment on account of the accident.

On 24 June, 1946, the claimant, through his attorneys, notified the Industrial Commission that he had recently developed a cataract on his right eye and had completely lost his sight in that eye, and requested a hearing.

The opinion of the Commissioner who heard this matter and whose opinion was adopted by the Full Commission and affirmed by the Superior Court, contains the following statements and findings of fact:

"When this case was heard before the undersigned in Winston-Salem on February the 18th, 1947, it was admitted, and the Commissioner finds it as a fact from the evidence that the claimant is totally blind in his right eye. The Commissioner finds it as a fact from the evidence that this blindness is due to the injury which he sustained while working for the defendant on June the 15th, 1944. The Commissioner further finds that said blindness is due to the injury, and that the injury to the cornea of the eye precipitated a slow developing pathological condition that did not produce the blindness in the claimant's eye until approximately eighteen months after the date of the injury; and, therefore, during this time the claimant had no claim against the defendants because he had lost no time on account of the injury, and for a period

of eighteen months while this condition was developing, until it reached the maximum condition, to wit, blindness, he was not entitled to any compensation, and, therefore, did not file any claim. According to the evidence of Dr. Speas, the eye, ear, nose and throat specialist who treated this claimant originally and had examined him on numerous occasions since, testified that the abrasion to the cornea set in motion a condition that spread and formed a cataract that now makes the claimant blind, but that it took approximately eighteen months for this spread from the site of the abrasion to develop the cataract that now causes total blindness."

Whereupon it was held that since no claim was filed with the North Carolina Industrial Commission within twelve months from the date of the accident, the claim is barred by the statute of limitations.

The plaintiff appealed to the Superior Court. At the hearing on this appeal, the award of the Commission was affirmed, and the claimant appealed to the Supreme Court.

*Deal & Hutchins for plaintiff, appellant.*
*Womble, Carlyle, Martin & Sandridge for defendants, appellees.*

DENNY, J. It is contended by the appellees that the findings of fact by the Industrial Commission are conclusive on this appeal. Ordinarily this is true where the facts found are supported by any competent evidence, *Creighton v. Snipes,* 227 N. C., 90, 40 S. E. (2d), 612; *Rewis v. Ins. Co.,* 226 N. C., 325, 38 S. E. (2d), 97; *Hegler v. Mills Co.,* 224 N. C., 669, 31 S. E. (2d), 918; *Kearns v. Furniture Co.,* 222 N. C., 438, 23 S. E. (2d), 310; but where the facts are found by the Commission under a misapprehension of the law, the court is not bound by such findings. *McGill v. Lumberton,* 215 N. C., 752, 3 S. E. (2d), 324; *Stanley v. Hyman-Michaels Co.,* 222 N. C., 257, 22 S. E. (2d), 570.

The facts are not in dispute. The claimant sustained an injury by accident arising out of and in the course of his employment, on 15 June, 1944, resulting in the total loss of sight in his right eye. The accident was duly reported as required by G. S., 97-92. The serious nature of the injury was not discovered nor was it discoverable, in so far as the claimant was concerned, until more than twelve months after the date of the accident which caused it.

Therefore, upon these undisputed facts, did the court below reach the correct conclusion of law? In arriving at the answer to this question, we must determine whether or not the report of the accident given by the employer to the Commission, and the subsequent exercise of jurisdiction by the Commission in receiving and approving for payment bills for medical services rendered to the claimant as a result of the injury

sustained in the accident, meet the requisites of G. S., 97-24, the pertinent part of which reads as follows: "The right to compensation under this article shall be forever barred unless a claim be filed with the industrial commission within one year after the accident, and if death results from the accident, unless a claim be filed with the commission within one year thereafter."

The appellees are relying upon *Lineberry v. Town of Mebane,* 218 N. C., 737, 12 S. E. (2d), 252; *Winslow v. Carolina Conference Asso.,* 211 N. C., 571, 191 S. E., 403; *Lilly v. Belk Bros.,* 210 N. C., 735, 188 S. E., 319; *Wilson v. Clement,* 207 N. C., 541, 177 S. E., 797; *Wray v. Woolen Mills,* 205 N. C., 782, 172 S. E., 487, and similar cases. On the other hand, they insist that *Hanks v. Utilities Co.,* 210 N. C., 312, 186 S. E., 252, and *Hardison v. Hampton,* 203 N. C., 187, 165 S. E., 355, cases upon which the appellant is relying, are not in point.

We think an examination of these and other cases will be helpful in arriving at a proper decision on this appeal. It is clearly evident from a careful examination of the record herein that all parties have acted in good faith. The ultimate result, therefore, must rest upon the respective legal rights of the parties, based upon the undisputed facts disclosed by the record.

In the case of *Lineberry v. Town of Mebane, supra,* the claimant, on 24 July, 1939, filed with the Industrial Commission a report of an injury alleged to have been sustained by him on 31 May, 1938, while working for the defendant. It was held, "The provisions of Sec. 24, Ch. 120, Public Laws 1929 (G. S., 97-24), constitute a condition precedent to the right to compensation, and is not a statute of limitations . . . If an employee fails to file notice of his claim within twelve months after the date he sustains an injury by accident arising out of and in the course of his employment, he has no right to compensation under the express terms of the statute."

Likewise, in *Winslow v. Carolina Conference Asso., supra,* the first report of the accident which occurred on 4 June, 1934, was filed with the Industrial Commission on 28 June, 1935. Also in *Lilly v. Belk Bros., supra,* the claimant was injured in January, 1934, and the notice of the injury was not given to the Industrial Commission until July, 1935.

In *Wilson v. Clement Co., supra,* the plaintiff suffered an accident in the course of his employment on 15 August, 1929. He employed counsel and filed a claim with the Industrial Commission on 8 September, 1930. The hearing Commissioner found "that no written report of the accident by the employee, employer or insurance carrier was filed with the Industrial Commission within one year from the date of the accident," and denied a recovery. There was an appeal to the full commission, and it

found that no claim for compensation had been filed by anyone on behalf of the claimant within one year after the accident, but reversed the hearing Commissioner on other grounds. The decision of the hearing Commissioner was upheld by this Court.

In the case of *Wray v. Woolen Mills, supra,* an employee had been injured on 28 November, 1930, and the Industrial Commission had not been notified of the injury until 12 April, 1932. A claim by the injured employee for compensation was denied for failure to file his claim within twelve months from the date of the injury. However, the claimant having died as a result of his injury, on 24 August, 1932, his dependents were permitted to file a claim and an award based thereon was affirmed.

In *Hardison v. Hampton, supra,* the employee was injured on 27 March, 1930. He gave notice in writing to his employer of the accident and resulting injury on 28 March, 1930. He stated that he did not consider his injury serious, but was advised that it might terminate in a permanent rupture. On 25 August, 1930, the employer notified the insurance carrier, and thereupon at the request of the carrier reported the accident and claim for compensation to the Industrial Commission on Form 19, as prescribed by the Commission. Negotiations were entered into between the employee and the carrier. No agreement was reached. The carrier upon inquiry from the Commission suggested that in view of the attitude of the employee it saw nothing to do but have a hearing. No hearing was set, however, until it was requested by the employee more than twelve months after the accident. This Court said: "The injured employee is required by section 22 of the act to give notice to his employer of the accident which resulted in his injury. Thereafter, the employer is required to report the accident and claim of the employee for compensation to the Commission on Form 19, as prescribed by the Commission. No settlement of the claim can be made by the employer and the employee without the approval of the Commission. Section 18. If they fail to reach an agreement in regard to the compensation to which the injured employee is entitled, then either party may make application to the Commission for a hearing in regard to the matters at issue, and for a ruling thereon. Section 57. When the employer has filed with the Commission a report of the accident and claim of the injured employee, the Commission has jurisdiction of the matter, and the claim is filed with the Commission within the meaning of section 24."

In *Hanks v. Utilities Co., supra,* it was admitted that the deceased, Curtis Hanks, was at the time of his injury and death, on 6 December, 1929, in the employ of defendant and that the provisions of the Workmen's Compensation Act applied. Under date of 9 December, 1929, defendant employer, a self-insurer, reported the accident to the Industrial Commission on Form 19. The defendant admitted liability and on 26 December, 1929, reported to the Commission that it had offered to settle

the claim with the administrator of the deceased. The administrator of the deceased declined to prosecute the claim pending before the Industrial Commission, but instead instituted an action in the Superior Court of Wilkes County, under the Federal Employers' Liability Act, which ended adversely to him. Thereafter, on 23 March, 1935, a formal petition for an award and a request for a hearing was filed with the Industrial Commission. An award was made and was upheld by this Court. The Court said: "The procedure upon the consideration and determination of a matter within the jurisdiction of the Industrial Commission, agreeable to the provisions of the act and the rules and regulations promulgated by the Commission, conforms as near as may be to the procedure in courts generally. By analogy, cases should be disposed of by some award, order, or judgment final in its effect, terminating the litigation. *Employers' Ins. Ass'n v. Shilling,* 259 S. W., 236; *Todd v. Casualty Co.,* 18 S. W. (2d), 695. A final judgment is the conclusion of the law upon the established facts, pronounced by the court. *Lawrence v. Beck,* 185 N. C., 196; *Swain v. Bonner,* 189 N. C., 185.

"The record before us fails to show any final order or adjudication of any kind prior to the one appealed from.

"A claim for compensation lawfully constituted and pending before the Commission may not be dismissed without a hearing and without some proper form of final adjudication.

"No statute of limitations runs against a litigant while his case is pending in court."

In each case cited herein upon which the appellees are relying, the Industrial Commission did not receive a report of the accident, a claim for compensation or otherwise obtain jurisdiction of the proceeding, within twelve months of the date of the accident. But in those cases upon which the appellant is relying, the Commission did obtain jurisdiction within the required statutory time. In *Hardison v. Hampton, supra,* notice of the accident and claim for compensation were given to the Commission, negotiations for settlement of the claim between the carrier and the employee were entered into and a request was made by the carrier to the Commission for a hearing, all within twelve months of the date of the accident. While in *Hanks v. Utilities Co., supra,* the Utilities Company being a self-insurer, under the Workmen's Compensation Act, promptly reported the accident to the Commission and admitted liability. Therefore, in each of the last cited cases, a claim was pending before the Commission, within twelve months from the date of the accident.

In the instant case, notice of the accident was given to the Commission on the same date it occurred, but no claim for compensation was filed with the Commission by the employer, the carrier or the employee within

twelve months of the date of the accident. Hence, none of the cases relied upon by the appellant or the appellees are on all fours with this case.

In many jurisdictions the payment of medical expenses is held to be tantamount to the payment of compensation. However, under the definition of the word "compensation" contained in G. S., 97-2, sub-section (k), payment of medical or hospital expenses constitutes no part of compensation under the provisions of our Workmen's Compensation Act. *Morris v. Chevrolet Co.*, 217 N. C., 428, 8 S. E. (2d), 484. Compensation is defined in our statute as the money allowance payable to an employee or his dependents, including funeral benefits.

G. S., 97-47, does authorize the Commission upon its own motion or upon application of any party in interest on the grounds of a change in condition, to review any award, but no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under the provisions of our Compensation Act. And this statute was amended by 1947 Session Laws of N. C., Chapter 823, Section 1, Sub-section (6), to include a review on the grounds of change in condition "in which only medical or other treatment bills are paid," but "no such review shall be made after twelve months from the date of the last payment of bills for medical or other treatment, paid pursuant to this Act."

The record herein discloses that no award for compensation has been made at any time in favor of claimant, pursuant to the provisions of our Compensation Act; and that more than two years elapsed after the accident before he requested a hearing. Moreover, prior to the request for a hearing on 24 June, 1946, no claim for compensation was pending before the Commission upon which an award could have been made on behalf of the claimant herein; and the record does not disclose the payment of any medical bills since 5 July, 1944.

It may be regretted that we have no provision in our Workmen's Compensation Act to preserve and protect the rights of employees in cases like the one before us. We do have such provision with respect to certain occupational diseases. 1945 Session Laws, Chapter 762, G. S., 97-58. But in the light of the facts disclosed on the record before us, and the provisions contained in our Workmen's Compensation Act, we think the judgment of the court below must be upheld.

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.

BARNHILL, J., concurring: There are certain undisputed facts which control decision in this case. Claimant on 15 June, 1944, while engaged

in the discharge of his duties as an employee of defendant, received injury to his eye. Defendant filed a report of the accident with the Commission as required by G. S. 97-92, on form furnished by the Commission. The report, dated 15 June, 1944, received by the Commission 22 June, 1944, has printed on it by the Commission the following: "This report filed only in compliance with section G. S. 97-92, and not employee's claim for compensation." At the suggestion of defendant's agent claimant was examined by Dr. Lassiter 15 June, 1944. On June 20 he filed report and bill for services as required by statute G. S. 97-90. On 19 June claimant was examined by Dr. Speas, an eye specialist, who likewise filed with the Commission for approval his statement for services. Both doctors reported that claimant was able to return to his work from the date of the accident, and claimant lost no time on account of the accident from the date of the accident to the time defendant's plant closed in December 1945. The suggestion to the contrary notwithstanding, the claimant neither made nor filed with his employer any claim for compensation as required by G. S. 97-22 and 23.

Nothing further was done until claimant, through counsel, on 24 June, 1946, notified the Commission he desired to press his claim for compensation.

So, then, the only thing the employer did during the twelve months' period after the accident was to file a report of the accident, and the employee filed no claim with his employer as required by G. S. 97-22-23, and he filed no claim with the Commission as required by G. S. 97-24 until more than two years after the accident.

It, therefore, seems clear to me that the majority conclusion that the judgment denying an award should be affirmed is correct and in accord with the pertinent statutory provisions.

The Industrial Commission is primarily an administrative agency of the State, charged with the duty of administering the provisions of the North Carolina Workmen's Compensation Act. As such it furnishes forms for use by employers, employees and others having business with the Commission; receives and tabulates information contained in reports of accidents, G. S. 97-81; approves voluntary settlements made by employers and employees when in accord with the Act, G. S. 97-82; approves for payment bills for services rendered by doctors and others, G. S. 97-90; supervises and enforces regulations for insurance and performs various other functions looking to the proper observance of the Act by employers, employees and insurance carriers. *In re Hayes,* 200 N. C., 133; *Hanks v. Utilities Co.,* 210 N. C., 312.

At the same time it is a special or limited judicial agency, invested with certain judicial powers. As such it possesses the authority and incidents necessary to determine the rights and liabilities of employees

and employers. *Hanks v. Utilities Co., supra.* Its judicial authority is invoked by the filing of a claim for compensation and demand for a hearing. G. S. 97-24; G. S. 97-83; *In re Hayes,.supra.*

But nothing in the Act prevents an employer or insurance carrier from invoking its jurisdiction to settle a controversy respecting a claim for compensation. *Hardison v. Hampton,* 203 N. C., 187; *Hanks v. Utilities Co., supra.* It is only necessary that the attention of the Commission be called to the fact, formally or informally, that the claimant is demanding compensation and the necessity for the Commission to settle the question.

While an accident may result in injury which gives rise to a claim for compensation, an accident and a claim, in.fact and as contemplated by the Workmen's Compensation Act, are quite different. The employer is required to report the accident, G. S. 97-92, and the report becomes a part of the private records of the Commission, not open to the public, and the Commission, for statistical purposes, must compile the information contained in the report. G. S. 97-81.

The claim is the right of the employee, at his election, to demand compensation for such injuries as resulted from the accident. If he wishes to claim compensation he must notify his employer within thirty days after the accident, G. S. 97-22-23, and if they cannot agree on compensation, he or someone in his behalf must file a claim with the Commission within twelve months, in default of which his claim is barred. G. S. 97-24.

This requirement that he file a claim is a condition precedent to the right of recovery. *Lineberry v. Town of Mebane,* 218 N. C., 737; *Winslow v. Carolina Conference Asso.,* 211 N. C., 571; *Lilly v. Belk Bros.,* 210 N. C., 735; *Wilson v. Clement,* 207 N. C., 541; *Wray v. Woolen Mills,* 205 N. C., 782.

It is contended, however, that the report of the injury constitutes a claim and invokes the jurisdiction of the court. The form on which the report was made expressly states the contrary. This form 19 may not meet the approval of some. Even so, the authority to prescribe its contents is vested in the Commission. G. S. 97-81. It has performed that duty intelligently and in accord with the intent and purpose of the statute under which it acts.

But it is suggested that *Hardison v. Hampton, supra,* "is on all fours," and that, therefore, the question here presented has been decided. The records in the two cases do not sustain this position. Instead the facts are quite different and are easily distinguishable.

In the *Hardison case,* after notice of the accident which occurred 27 March, 1930, was filed, there were negotiations between the employee, the employer and the insurance carrier as contemplated by G. S. 97-17. The negotiations were somewhat drawn out, and the carrier became dis-

satisfied with the delay, which seems to have been due to the refusal of the employee to undergo a necessary operation. On 12 November, 1930, its agent wrote the Commission detailing the facts and the dispute, and stated: "The employer seems to feel that the injured is entitled to compensation for 350 weeks . . . In view of the injured's attitude and in view of the information which I have, I see nothing to do but have a hearing in the matter, in order that the Commission may decide what compensation benefits the injured is entitled to." Copy of the letter was sent to the employee and his counsel applied for a hearing 27 March, 1931.

The Commission properly found and concluded that this letter in effect admitted liability, presented the claim for decision and requested a hearing. It was upon this conclusion, and not on the report of the injury, it assumed jurisdiction, over the protest of employer, and made an award. It was the award founded on these facts which was affirmed by this Court, *Connor, J.,* closing his opinion with the statement:

"In the instant case, the claim of the injured employee was filed with the Industrial Commission within one year after the accident, and for that reason the employee was not barred of his right to compensation."

There is no evidence in the instant case that the employee "at the time of his injury gave notice to his employer, advising him, however, that he did not consider his injury serious, but was advised that it might become so, or that the employer notified the carrier, or that the carrier informed the Commission that no settlement had been agreed upon." The employee did nothing until more than two years after the accident.

It would seem that it might be well for those who are interested to read the record in this case as well as the one in the *Hardison case.*

*Hanks v. Utilities Co., supra,* factually, is as clearly distinguishable as the *Hardison case.*

The argument is likewise advanced that the Commission, by approving the doctors' bills, "made an award covering the doctors' fees which could only have been incidental to a consideration of the injury."

The doctors examining an employee after an accident are required to file a report and statement of fees for services, without which they cannot collect their remuneration. G. S. 97-90. The payment of their fees constitutes no part of the compensation. G. S. 97-2 (k). But let us take the contrary view, as it is contended that we should, and see where it leads us. The doctors reported there was no injury, and that the employee was capable of returning to work "immediately" from the day of the accident for "day or night" service. These reports were approved by the Commission. If that was an award it concluded the matter.

I can discover no formality, rigidity or uncertainty on this question, though admittedly there may be some prolixity, even in this case. Nor

do I concede to others more liberality of view in the sane interpretation and application of the Workmen's Compensation Act. But the rule of liberal construction does not require us to render decision, even in a hard case such as this, which would put at naught the established procedural practice of the Commission, contravene the plain language of the statute, and overrule former well considered decisions of this Court. The procedure is not now uncertain. It could hardly be made more simple and speedy. Certainty and security are there. The trouble is the claimant unfortunately slept on his rights, and thereby lost his remedy.

I vote to affirm.

SEAWELL, J., dissenting: I believe the case of *Hardison v. Hampton,* 203 N. C., 187, 165 S. E., 365, is in all respects on all fours with the instant case and should be controlling. Succinctly stated the *Hardison case* holds that the legal effect of filing the report of the accident and injury by the employer as required by the Workmen's Compensation Act in what is now G. S., 97-92, is to give the Industrial Commission juris-·diction of the employee's claim and the power and duty of making an award, and is sufficient to satisfy the condition imposed by Sec. 24 of the Act—now G. S., 97-24—although the employee himself had filed no formal claim with the Commission. The decision was not based on any phraseology used in making the report, but refers to the legal effect of the report itself.

In aid of the summary statement of the case furnished in the report, reference should be made to the bound volume of "Records and Briefs," Fall Term, 1932, No. 49. (See history of decisions and awards as affecting the cited sections contemporaneous with the *Hardison case* and subsequent thereto, in "North Carolina Workmen's Compensation Act, Annotated," by Professor M. S. Breckenridge and E. C. Willis, p. 96, particularly first three paragraphs.)

Whether the statute under review is considered one of limitations or as stating a condition upon which an award may be made, it was obviously not intended as thus interpreted to be rigidly enforced in such a way as to demand that the jurisdiction of the Court can only be invoked, and its machinery may only be set in motion by formal application of the injured party to the Industrial Commission for relief,—as would be required to open the doors of the courts of law.

The Industrial Commission is an administrative board created for the summary settlement of matters assigned to its jurisdiction. Essentially its creation is a retreat from the formality, rigidity, prolixity, and uncertainty of the courts of law to a more simplified procedure in which adjustment and speedy relief are *desiderata* as much as certainty and

security. Reviewing courts steeped in the juridical tradition have not always envisioned the liberality which this entails as either possible or desirable; it is, nevertheless, essential to the purposes of the new forum and when it is denied these boards lose character and become unnecessary and costly diversions from the courts of law.

The *Hardison case* is in line with the humanitarian, economic and legal philosophy out of which the Workmen's Compensation Act was born and deserves recognition in the case at bar.

Since the Industrial Commission assumed jurisdiction of the case and made an award covering the fees of the doctor—which it could only have done as an incident to its jurisdiction of the claim—it leads one to wonder how many persons may be allowed to ride in on a nonexistent jurisdiction, or one from which at least the person primarily and originally interested, and for whose benefit the Act itself was made, is excluded.

In my opinion the judgment of the court below should be reversed and the cause remanded to the Industrial Commission for a hearing upon the merits.