GEORGE E. BIDDIX, EMPLOYEE, v. REX MILLS, INC., #1, EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER.

(Filed 6 May, 1953.)

**1. Master and Servant § 45—**

The Industrial Commission is primarily an administrative agency of the State, and while it is also a special judicial agency, its judicial authority is limited, and its administrative and judicial functions are separate and distinct.

**2. Same—**

The judicial authority of the Industrial Commission must be invoked either by the filing of a claim, G.S. 97-24, or by the submission of a voluntary settlement for approval by the Commission, G.S. 97-87, and the Commission has no authority to make an award of any type until its jurisdiction as a judicial tribunal has been invoked in some manner prescribed in the Act.

**3. Master and Servant § 51—**

The Industrial Commission must base its award upon admissions, facts agreed, stipulations entered into and noted at the hearing, and evidence offered in open court after all parties have been given full opportunity to be heard, and it may not consider records, files, evidence or data not presented in court for consideration.

**4. Master and Servant § 43—**

The Compensation Act requires or permits an employer to pay bills for medical and other treatment of an employee, and the payment of such bills, approved by the Commission, G.S. 97-26, even without a formal denial of liability, cannot have the effect of an admission of liability by the employer or constitute a waiver of the requirement of filing timely claim by the employee, G.S. 97-24. Such facts are insufficient to invoke the doctrine of estoppel which applies in compensation proceedings upon a proper showing as in all other cases.

**5. Same—**

Chap. 823, sec. 1 (6), Session Laws of 1947, amends G.S. 97-47 relating exclusively to the time within which an employee may file a petition for a review of an award for changed conditions, and the amendatory act does not affect G.S. 97-24, and therefore where the employee fails to file claim within one year of the date of the accident, the claim is barred notwith-

standing that the employer may have paid bills for medical treatment approved by the Commission less than a year prior to the filing of claim.

**6. Appeal and Error § 51c—**

A decision of the Supreme Court must be interpreted in the light of the facts of the case in which it is rendered and the questions of law therein presented for decision.

APPEAL by defendants from *McLean, Special Judge,* October Term, 1952, GASTON.    Reversed.

Claim for compensation under Workmen's Compensation Act.

On 14 September 1951 the Industrial Commission received from plaintiff notice of claim for compensation for disability due to an injury to his back allegedly suffered by him by accident on 15 June 1950.

The claim was heard by Commissioner Scott on stipulations of the parties as follows: If claimant has suffered any compensable disability by accident arising out of and in the course of his employment, the accident occurred 15 June 1950. Claimant filed no claim with the Industrial Commission prior to 12 September 1951 on which date he wrote the Commission requesting a hearing. This letter was received 14 September 1951. Defendants paid medical bills for treatment of the claimant, the last payment being made 16 January 1951. The jurisdictional facts were admitted.

The defendants having pleaded the provisions of G.S. 97-24 in bar of claimant's right to prosecute his claim, it was further stipulated and agreed "that this point of law, that is as to whether or not the claimant is barred by Section 24 of the Act, shall be determined, and if it shall be determined in favor of the claimant, then and in that event the case will be reset to take further testimony as to the nature of the injury."

The hearing commissioner found as a fact and concluded as a matter of law "that this claim is barred by the provisions of G.S. 97-24 (a)" and entered an award denying compensation. Claimant appealed to the full Commission.

At the hearing before the full Commission, a majority thereof found certain facts in addition to the facts stipulated by the parties and concluded (1) "that by the enactment of Chapter 823, Session Laws of 1947, it was the legislative intent to give an injured employee twelve months from the date of the last payment of bills for medical or other treatment, in cases in which only medical or other treatment bills are paid, within which to request a review of his case for the purpose of ascertaining his rights under the Compensation Act;" (2) that the payment of the medical bills, the reports thereof, and the failure to enter any formal denial of liability "constitute waiver of the requirement for making or filing timely

claim, such recognition of liability by the employer eliminating the question of whether a claim for compensation on (*sic*) has been made;" and, (3) "in all events, payment of medical bills under the provisions of the Compensation Act over an extended period of time under circumstances revealed by this record is calculated to lull an injured employee into a false sense of security, and lapse of time ought not to bar the employee's claim unless such be the clear mandate of the law."

It thereupon reversed the conclusions and award of the hearing commissioner and ordered that the claim be set for hearing on its merits. Defendants excepted and appealed to the Superior Court.

The opinion of the Industrial Commission disclosed that the employer reported a total of $85.55 to have been paid for medical treatment of claimant. There were two reports of payment.

When the appeal came on for hearing in the court below, the judge presiding overruled defendants' exceptions and affirmed the order of the Industrial Commission. Defendants excepted and appealed.

*Jones & Small for defendant appellants.*
*George E. Biddix in propria persona.*

BARNHILL, J. The hearing commissioner made his award on the stipulations made at the hearing at a time when the claimant was represented by competent counsel. He correctly concluded that the claim for compensation was not filed with the Commission within the time required by law. A majority of the Commission reversed on the ground that the defendants, by their conduct, lulled plaintiff into a sense of security and are now estopped to plead the statute, G.S. 97-24. To reach this conclusion, they had resort to matters appearing in the files of the Commission which constitute no part of the evidence in the case or the record in the cause. As the court below affirmed, the exceptive assignments of error raise serious questions which, while perhaps not decisive here, should be decided before the concept of the statute and our decisions evidenced by the majority opinion of the Commission becomes too deeply rooted in the administration of the Workmen's Compensation Act.

The Industrial Commission is primarily an administrative agency of the State charged with the duty of administering the provisions of the Workmen's Compensation Act. As such, it has many ministerial and administrative duties to perform. See *Whitted v. Palmer-Bee Co.,* 228 N.C. 447 (concurring opinion at p. 453), 46 S.E. 2d 109. While it is a special judicial agency, its judicial authority is limited. And these distinctions in the functions of the Commission must always be kept in mind.

The underlying spirit and purpose of the Act is to encourage and promote the amicable adjustment of claims and to provide a ready means of

determining liability under the Act when the parties themselves cannot agree. The Industrial Commission stands by to assure fair dealing in any voluntary settlement and to act as a court to adjudicate those claims which may not be adjusted by the parties themselves.

But the Commission has no authority—statutory or otherwise—to intervene and make an award of any type until its jurisdiction as a judicial tribunal has been invoked in the manner prescribed in the Act under which it operates.

The claim is the right of the employee, at his election, to demand compensation for such injuries as result from an accident. If he wishes to claim compensation, he must notify his employer within thirty days after the accident, G.S. 97-22, 23, and if they cannot agree on compensation, he, or someone on his behalf, must file a claim with the Commission within twelve months after the accident, in default of which his claim is barred. G.S. 97-24. Thus the jurisdiction of the Commission, as a judicial agency of the State, is invoked. *Lineberry v. Town of Mebane,* 218 N.C. 737, 12 S.E. 2d 252; *Winslow v. Carolina Conference Association,* 211 N.C. 571, 191 S.E. 403; *Lilly v. Belk Brothers,* 210 N.C. 735, 188 S.E. 319; *Wilson v. Clement Co.,* 207 N.C. 541, 177 S.E. 797; *Wray v. Woolen Mills,* 205 N.C. 782, 172 S.E. 487; *Whitted v. Palmer-Bee Co., supra.*

There is one further method provided by the Act. Where an employer and employee agree upon a settlement in which compensation is granted before a claim is filed, the Commission must approve the settlement. G.S. 97-82. This provision was inserted in the statute to protect the employees of the State against the disadvantages arising out of their economic status and give assurance that the settlement is in accord with the intent and purpose of the Act. Therefore, in approving the settlement in which compensation is awarded, the Commission acts in a judicial capacity. The voluntary settlement as approved becomes an award enforceable by a court decree. G.S. 97-87; *Tucker v. Lowdermilk,* 233 N.C. 185, 63 S.E. 2d 109.

In a judicial proceeding the determinative facts upon which the rights of the parties must be made to rest must be found from admissions made by the parties, facts agreed, stipulations entered into and noted at the hearing, and evidence offered in open court, after all parties have been given full opportunity to be heard. Recourse may not be had to records, files, evidence, or data not thus presented to the court for consideration. It follows that the Commission erred in basing its decision on information it says its files do or do not disclose. Even so, considering all the facts cited in the opinion of the Commission, they neither separately nor in combination support the conclusion reached or the award entered.

It cannot be said that when an employer does what the Act requires or permits him to do, he thereby perforce admits liability and waives the protective provisions of a statute enacted in his behalf. G.S. 97-25.

There are accidents which produce no injury. Others inflict injuries for which no compensation can be claimed. Still others produce compensable disability within the meaning of the Act. The employer is required to report them all to the Commission without regard to the nature of the accident or the compensability of the injury. He is, however, under no duty to file with the Commission prior to the presentation of a claim for compensation, any formal denial of liability, and his failure to do so is not a circumstance to be considered adversely to him in any hearing before the Commission.

A commendably large number of our employers provide prompt medical examination, first aid, and hospital care for their employees in case of accident without regard to the nature of the injury, if any, that may result. Frequently, it is purely precautionary. When liability for the medical care of an employee who has suffered an accident is voluntarily incurred by the employer, the bills therefor must be approved by the Commission before the employer can demand reimbursement from its insurance carrier. In this manner such expenditures are kept within the schedule of fees and charges adopted by the Commission. G.S. 97-26.

This humanitarian conduct on the part of the employers of the State is permitted by the statute. And aside from any statutory provision on the subject, we are committed to the view that such conduct cannot in any sense be deemed an admission of liability. *Brown v. Wood,* 201 N.C. 309, 160 S.E. 281; *Barber v. R. R.,* 193 N.C. 691, 138 S.E. 17; *Norman v. Porter,* 197 N.C. 222, 148 S.E. 41; *Patrick v. Bryan,* 202 N.C. 62, 162 S.E. 207.

The Good Samaritan placed an injured and unfortunate man upon his own beast, poured wine and oil into his wounds, and paid his maintenance charges at the inn. He generously promised to give even more, if necessary, upon his return. Even so, through the ages, no man has yet suggested that he, by his conduct, impliedly admitted that he was liable for the injuries the poor man sustained. *Brown v. Wood, supra.*

"It was an act of mercy which no court should hold in any respect was an implied admission or circumstance tending to admit liability. If a court should so hold, it would tend to stop, instead of encourage, one injuring another from giving aid to the sufferer. It would be a brutal holding, contrary to all sense of justice and humanity." *Barber v. R. R., supra.*

Incidentally, the medical bills in this cause amounted to only $85.55, and although the last amended report was filed 17 August, it was expressly stipulated at the hearing that the last payment was made 16 January 1951.

It must not be understood that we hold an employer may not by his conduct waive the filing of a claim within the time required by law. The law of estoppel applies in compensation proceedings as in all other cases. We merely hold that the facts here appearing, including those found by the full Commission, are insufficient to invoke the doctrine in this case. *Wilson v. Clement Co., supra; Lilly v. Belk Brothers, supra; Jacobs v. Manufacturing Co.,* 229 N.C. 660, 50 S.E. 2d 738; *Lineberry v. Town of Mebane, supra; Whitted v. Palmer-Bee Co., supra.*

This brings us, rather circuitously, to the crux of the controversy. The Commission concluded that in enacting ch. 823, Session Laws 1947, section 1 (6) (now a part of G.S. 97-47) "it was the legislative intent to give an injured employee twelve months from the date of the last payment of bills for medical or other treatment in cases in which only medical or other treatment bills are paid, within which to request a review of his case for the purpose of ascertaining his rights under the Compensation Act," and that the "payment of medical bills was tantamount to acceptance of liability and plaintiff is entitled to use the date of the last of these payments as the time when the statute commenced to run against him." Applying this interpretation of the statute to the facts in this case, the Commission concluded that as defendants voluntarily paid medical bills as late as 16 January 1951, and the claim was filed in September 1951, less than twelve months thereafter, it was filed in apt time. In so holding, the Commission, of necessity, concluded that this Act amends G.S. 97-24, and the voluntary payment of medical bills tolls the time limit therein prescribed for filing a claim. In this there was error.

That amendatory Act has no relation to the filing of original claims for compensation or the time within which such claims are to be filed. It amends G.S. 97-47 and it relates exclusively to the time within which an employee may file a petition for a review of an award theretofore made. *Whitted v. Palmer-Bee Co., supra; Tucker v. Lowdermilk, supra.*

G.S. 97-47 vests in the Industrial Commission "upon its own motion or upon the application of any party in interest on the grounds of a change in condition" authority to review any award and upon review to "make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided" in the Act. It provides, however, that "no such review shall be made *after twelve months from the date of the last payment of compensation pursuant to an award* . . ." (Italics applied.) The 1947 Act merely added a further exceptive limitation as follows: "except that in cases in which only medical or other treatment bills are paid no such review shall be made after twelve months from the date of the last payment of the bills for medical or other treatment, paid pursuant to this article." Thus the 1947 Act relates exclusively to the right of review of an award, and the time limit within

which the review may be had is tolled by the payment of medical bills, if at all, only when such payments are made under the mandate of an award duly'entered by the Commission.

This section, G.S. 97-47, as thus amended, was correctly analyzed and construed by Commissioner Scott in his original opinion in the following language: "It is apparent that Section 47 cannot apply unless there has been a previous award of the Commission. If that award directed the payment of both compensation and medical expense, then the injured employee would have one year from the last payment of compensation pursuant to the award in which to file claim for further compensation upon an alleged change of condition. If the award directed the payment of medical bills only, then the injured employee would have one year from the date on which the last payment for medical (treatment) is made in which to file a claim for further compensation upon an alleged change of condition." *Whitted v. Palmer-Bee Co., supra.*

He thereupon correctly concluded that since there had been no final award of the Commission, G.S. 97-47 "is not applicable under the facts of this case, and that this claim is barred by the provisions of G.S. 97-24 (a)."

In making its award the Commission relied in part on what is said in the *Whitted case.* But when that opinion is read in the light of the facts in the case, it appears that the language there used is clear and explicit and leaves no room for doubt as to the law as therein stated. It is true that the opinion contains the statement "and the record does not disclose the payment of any medical bills since 5 July, 1944." But this statement was made in the discussion of G.S. 97-47. The Court was pointing out the fact the claimant had failed to bring his claim within the terms of that section. Furthermore, we do not write the law by implication.

What is here said applies in like manner to the opinion in *Tucker v. Lowdermilk, supra,* cited and relied on by the Commission.

The rigidity of the written word is such that no comprehensive remedial statute can be enacted which will not at times produce hardship cases. Occasionally an injury by accident produces no immediate discernible disability within the meaning of the Act. The disability may develop after the lapse of the time within which the injured employee must file his claim for compensation. Such was the fact in the *Whitted case.* But there is no legerdemain by which the court can extend or enlarge the requirements of the statute so as to include claims which are not filed within the twelve months' period prescribed by G.S. 97-24. For us to undertake to do so would only produce confusion confounded and eventually defeat the effective enforcement of this wise and beneficent Act.

For the reasons stated the judgment entered in the court below is

Reversed.